### In re HARTFORD UNDERWRITERS INSURANCE COMPANY.

#### No. 11–05–00188–CV.

Court of Appeals of Texas, Eastland.

June 30, 2005.

**294**

Darrell W. Corzine, Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., Odessa, for appellant.

Ruff Ahders, Ruff Ahders, Associated Attorneys at law, Odessa, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

In the underlying proceeding, the real parties in interest filed an action in Ector County seeking judicial review of a Texas Workers' Compensation Commission appeals panel decision that vacated the hearing officer's order awarding attorney's fees to the real parties in interest. In this mandamus proceeding, Hartford Underwriters Insurance Company maintains that mandatory venue for reviewing the appeals panel decision is in Travis County and that the trial court abused its discretion in denying Hartford's motion to transfer venue. We conditionally grant the petition for writ of mandamus directing the trial court to sustain Hartford's motion to transfer the case to Travis County. The writ will not issue unless the trial court fails to act in accordance with this opinion.

After a contested workers' compensation case hearing, the hearing officer concluded that Bobbie G. Thurman, who was fatally injured in a motor vehicle accident, was in the course and scope of his employment at the time of his accident. The hearing officer also awarded attorney's fees in the amount of 25 percent of the benefits paid to Thurman's beneficiaries, who are the real parties in interest in this mandamus proceeding. Hartford limited its appeal of the hearing officer's decision, requesting the Commission appeals panel to only review the attorney's fee award. The appeals panel vacated the hearing officer's award of attorney's fees, finding that there was no evidence in the record to support the award. The appeals panel ruled, however, that the attorney for the real parties in interest could submit a new request for attorney's fees by submitting the proper form with the time, hourly rate, and expenses itemized separately for the attorney and for any legal assistant.

The real parties in interest instead filed an original petition with the County Court at Law No. 2 in Ector County, seeking review of the Commission appeals panel decision vacating the award of attorney's fees.[1] Ector County was the county of Thurman's residence at the time of his death. Hartford moved to transfer venue from Ector County to Travis County, contending that mandatory venue for the petition was in Travis County.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon 2002) provides that a party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of that chapter. The requirement of showing an inadequate appellate remedy in mandatory venue cases was eliminated by Section 15.0642. *In re Missouri Pacific Railroad Company*, 998 S.W.2d 212 (Tex.1999). Although Chapter 15, TEX. CIV. PRAC. & REM. CODE ANN. ch. 15 (Vernon 2002 & Supp.2004–2005), does not expressly list a mandatory venue provision for judicial review of contested cases involving workers' compensation, Section 15.016 includes other mandatory venue statutes within the purview of Chapter 15:

> An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute.

TEX. LAB. CODE ANN. ch. 410 (Vernon 1996 & Supp.2004–2005) addresses the adjudication process in workers' compensation disputes. *Hernandez v. Texas Workers' Compensation Insurance Fund*, 946 S.W.2d 904 (Tex.App.-Eastland 1997, no writ). There are two mandatory venue provisions for petitions to review Commission appeals panel decisions: Section 2001.176 of the Texas Government Code and Section 410.252 of the Texas Labor Code.

TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2000) is the Administrative Procedure Act. Section 410.255(a) of the Labor Code provides that judicial review of final administrative decisions in workers' compensation cases for "all issues other than those covered under Section 410.301(a)" shall be conducted in accordance with Chapter 2001. The mandatory venue provision in Section 2001.176 provides in part:

> (a) A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable.
>
> (b) Unless otherwise provided by statute:
>
> > (1) the petition must be filed in a Travis County district court.

Thus, Travis County is the mandatory venue for reviewing all Commission appeals panel decisions except those Commission decisions covered by Section 410.301. Judicial review conducted under Section 410.255 is governed by the substantial evidence rule.

The second mandatory venue provision, Section 410.252 of the Labor Code, is for the appeal of Commission appeals panel decisions covered by Section 410.301. Section 410.301 deals only with judicial review of a final decision of a Commission appeals panel regarding "compensability or eligibility for or the amount of income or death benefits." A district court reviews the decision under a modified de novo standard. *See* Section 410.301; *Rodriguez v. Service Lloyds Insurance Company*, 997 S.W.2d 248, 253 (Tex.1999). Section

---

1. Jana Thurman, As Guardian of Amanda Nicole Thurman and Jarreth Lucas Thurman, Minor Children of Bobbie G. Thurman, Deceased, Plaintiff in Fact Ruff Ahders, *Ruff Ahders, Associated v. Hartford Underwriters Insurance Company*, Cause No. CC2–17,808.

410.252 requires that court petitions appealing decisions under Section 410.301 must be filed in the county where the employee resided at the time of death not later than the 40th day after the decision of the appeals panel became final. Section 410.252; *Rodriguez v. Service Lloyds Insurance Company, supra* at 253.

A Commission appeals panel decision dealing only with attorney's fees is not a decision regarding "compensability or eligibility for or the amount of income or death benefits." Therefore, mandatory venue for the petition of the real parties in interest is Travis County.

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The trial court's denial of Hartford's motion to transfer venue to Travis County was a clear error of law.

The petition for writ of mandamus is conditionally granted. A writ of mandamus will issue if the trial court does not enter an order that transfers venue of the underlying case to Travis County.