NO. 07-05-0268-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2006
_____

STATE OFFICE OF RISK MANAGEMENT,

Appellant

v.

RACHEL LEIGH HERRERA, VICTORIA DANIELLE HERRERA, MATTHEW RYEN
HERRERA, KELCEY MERCEDES DENA HERRERA, CARE'N DESTINY HERRERA,
ROBERT R. HERRERA, ELVA H. HERRERA, MANUEL A. HERRERA,
BENEFICIARIES of JOSE ARTURO HERRERA, DECEASED, and TEXAS MUNICIPAL
LEAGUE INTERGOVERNMENTAL RISK POOL and/or CITY OF FRIONA,

Appellees
_____

FROM THE 297TH DISTRICT COURT OF PARMER COUNTY;

NO. 9122; HON. GORDON HOUSTON GREEN, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

The State Office of Risk Management (SORM) appeals from an order dismissing its attempt to gain judicial review of a ruling by a Texas Worker's Compensation Commission appeals panel. The trial court dismissed the matter for want of jurisdiction.

Allegedly, SORM did not timely file its petition with the trial court. SORM disagreed. We reverse the order of dismissal.

## *Background*

The dispute arises from the death of Jose Herrera, an officer with the Friona, Texas Police Department. At the time, he was responding to a call for assistance from the Parmer County Sheriff's office. Herrera heard the call while completing paper work at the Friona police station after his shift ended, and in responding, his vehicle collided with that of the fleeing suspect outside the Friona city limits. SORM acknowledged that Herrera's "legal beneficiaries [were] entitled to receive worker's compensation death benefits" but disputed its responsibility for their payment. Allegedly, the officer was not acting within the course and scope of his employment with the State when he and the suspect collided, but rather within the scope of his employment with the City of Friona.

The hearing officer assigned by the Worker's Compensation Commission to resolve the matter found that Herrera indeed was acting in the service of the State. Disagreeing, SORM sought relief from an appeal's panel. After the latter ultimately sided with the hearings officer, SORM then petitioned the trial court for relief. It did so 42 days after the decision of the panel became appealable. This was too late, according to Herrera's family members, the City of Friona, and the Texas Municipal League Intergovernmental Risk Pool. They believed that the agency was required to petition within 30 days and filed a plea to the jurisdiction of the trial court asserting that contention. The trial court sided with Herrera, the City and the Risk Pool and dismissed the cause.

*Discussion*

The issue before us is whether SORM had merely 30 days to seek redress from the trial court. The answer to that, according to all involved, depends upon whether the allegations the agency sought to adjudicate encompass matters of compensability or coverage. If they fall within the latter, then the 30-day period supposedly applies; if the former, then SORM had 40 days to act.

Statute provides two periods within which one must seek judicial review of a decision rendered by the Workers' Compensation Commission. The first is found at §410.252 of the Labor Code and states that a "party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX. LAB. CODE ANN. §410.252(a) (Vernon 2006). On the other hand, if the dispute encompasses matters other than that described in §410.301(a) of the Labor Code, then the parties must abide by the requirements of "Subchapter G, Chapter 2001, Government Code." TEX. LAB. CODE ANN. §410.255(a) (Vernon 2006). And, that subchapter allots only 30 days to perfect judicial review. TEX. GOV'T CODE ANN. §2001.176(a) (Vernon 2000).

Next, matters alluded to in §410.255(a) and within the scope of §410.301(a) are those disputes "regarding compensability or eligibility for or the amount of income or death benefits . . . ." TEX. LAB. CODE ANN. §410.301(a) (Vernon 2006) (stating that "judicial review of a final decision of the appeals panel regarding compensation or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter"). So, in considering the directives of §§410.252(a), 410.255(a), and 410.301(a), we cannot

3

but hold that a party has 40 days to perfect judicial review of controversies implicating compensability and eligibility for or the amount of income or benefits. In all other cases, a litigant simply has 30 days.

Next, while the Labor Code fails to define the term "compensability," the legislature nonetheless told us that a "compensable injury" is one "that arises out of and in the course and scope of employment for which compensation is payable . . . ." TEX. LAB. CODE ANN. § 401.011(10) (Vernon 2006). From this we see that the meaning of "compensable" and "compensability" may have several elements, and one requires the injury to occur within the course and scope of the claimant's employment. *See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995) (citing the question of whether an injury "occurred in the course and scope of employment" as an example of an issue implicating "compensability"); *Texas Property & Cas. Ass'n v. National Am. Ins. Co.*, No. 03-05-00401-CV, 2006 Tex. App. LEXIS 2605 (Tex. App.–Austin March 31, 2006, no pet. h.) (concluding that whether an employee was within the course and scope of his employment with several employers is an issue of compensability). In other words, if the litigants are disputing whether the injury occurred within that scope, the controversy is one involving compensability.[1] *Texas Property & Cas. Ass'n. National Am. Ins. Co.,* 2006 Tex. App. LEXIS 2605 at *35.*

Next, at the heart of the issue before us lies the topic of who is responsible for paying the workers' compensation benefits which all agree are due Officer Herrera's kin.

---

[1]To the extent that the opinion in *Morales v. Liberty Mut. Ins. Co.*, 169 S.W.3d 485 (Tex. App.–El Paso 2005, pet. filed) suggests otherwise, we note that it did not address either the words of the Texas Supreme Court in *Garcia* or the statutory definition of "compensable injury." Consequently, we opt not to follow it.

4

Furthermore, resolution of that matter depends upon the identity of the governmental body in whose course and scope of employment he acted when he died. If it was the State's, then it is responsible for payment. If it was the City's, then the city is liable. And, given that the crux of the dispute actually requires identification of the employer being served at the time of death, the issue cannot be but one of compensability. *Texas Workers' Comp. Comm'n v. Garcia*, *supra*; *Texas Property & Cas. Ass'n v. National Am. Ins. Co.*, *supra*. So, the time period set forth in §401.252(a) applied here, and SORM had 40 days within which to petition for judicial review. Having acted within that period, the trial court had jurisdiction over the controversy and erred in dismissing it.[2]

Accordingly, we sustain SORM's issue, reverse the order of dismissal and remand the cause for further proceedings. Finally, holding as we do moots the need to address SORM's contentions regarding the attorney's fees awarded those counsel representing Herrera's kin.


Brian Quinn
Chief Justice

---

[2]We acknowledge that SORM petitioned the trial court for relief 41 days after the appeal panel's decision. Yet, no one disputes that the 40th day was either a weekend or holiday, and the 41st day was the first day that was neither. Consequently, acting upon the 41st day was permissible. *See* TEX. GOV'T CODE ANN. §311.014(b) (Vernon 2005) (stating that when the last day of a statutory period within which one must act is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is none of those).