Margarita MORALES, Individually and as Next Friend of Paulette Morales and Laura Morales, Minor Children of Guadalupe D. Morales, Deceased, Petitioner,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Continental Casualty Company, Respondents.

No. 05–0754.

Supreme Court of Texas.

Argued Nov. 16, 2006.

Decided Dec. 7, 2007.

Gerald J. Smith, The Law Office of Gerald J. Smith, John E. Keithly, Keithly & English, Anthony, NM, Marc S. Tabolsky, Yetter & Warden, L.L.P., Austin, TX, for Petitioner.

David P. Boyce, Wright & Greenhill, David L. Brenner, Amanda Lewis, Burns Anderson Jury & Brenner, L.L.P., Austin, TX, for Respondents.

R. Scott Placek, Arnold & Placek, P.C., Round Rock, Jane Lipscomb Stone, Stone Loughlin & Swanson, LLP, Austin, TX, for Amicus Curiae.

Justice O'NEILL delivered the opinion of the Court.

The Texas Workers' Compensation Act provides alternative avenues for judicial review of a Texas Workers' Compensation Commission appeals panel decision depending upon whether the nature of the dispute regards "compensability or eligibility for ... benefits" or something else. *See* Tex. Lab.Code §§ 410.252, 410.301, 410.255; Tex. Gov't Code §§ 2001.171–178. In this case, Margarita Morales seeks review of an appeals panel's decision that her deceased husband was an independent contractor rather than an employee of one of three companies, two of which were workers' compensation insurance subscribers and one of which was not. We hold that the question of a worker's employment status is one of compensability governed by section 410.301(a) of the Texas Labor Code, and reverse and remand the case to the El Paso district court for further proceedings.

## I. Background

Guadalupe Morales sustained fatal head injuries when he fell from a ladder while repairing the roof of a motel. Contending Guadalupe's injuries were sustained while in the course and scope of his employment with Turnkey Services, Inc. (insured by Liberty Mutual Insurance Company), State National Bank (insured by Continental Casualty Company) and PGD, Inc. (a nonsubscriber), his wife, Margarita, filed a claim for workers' compensation insurance benefits. A benefit-review conference was held to attempt to mediate the dispute between Margarita and the insurance carriers, but the parties were unable to reach an agreement and proceeded to a contested-case hearing. The hearing examiner determined that Guadalupe's employment status at the time of his injury was that of an independent contractor rather than an employee of any of the three named companies, and thus he was not entitled to benefits. The Texas Workers' Compensation Commission (TWCC) appeals panel affirmed the hearing examiner's decision, holding that Guadalupe was an independent contractor, not an employee, and therefore he had not suffered a "compensable injury."

Margarita sought judicial review of the TWCC's decision by filing two lawsuits, this one in El Paso County and another in Travis County. Among other things, Margarita sought review of the appeals panel's determination that her husband was not an employee under the Texas Workers' Compensation Act. Liberty Mutual filed a plea to the jurisdiction in the El Paso proceedings, which the trial court granted. Following dismissal of her suit in El Paso County, Margarita voluntarily nonsuited the Travis County suit. The court of appeals affirmed the trial court's dismissal of the El Paso case for

want of jurisdiction, holding that "the status of being an employee of an insured for which a carrier is liable is an issue of 'coverage,' not compensability." 169 S.W.3d 485, 488.[1] We granted Margarita's petition for review to consider the appropriate avenue for judicial review of a TWCC appeals panel's decision regarding a worker's employment status.

## II. Discussion

### A. Avenues of Judicial Review

The Texas Workers' Compensation Act provides exclusive compensation benefits for the work-related injuries of a subscribing employer's employees. TEX. LAB.CODE § 408.001(a). At the administrative level, disputed claims for benefits proceed through a three-step process: a benefit-review conference, a contested-case hearing, and an administrative appeal. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 514 (Tex.1995); TEX. LAB.CODE §§ 410.021–034, 410.151–169, 410.201–209. A claimant may appeal a TWCC appeals panel's decision by filing suit in the district court. *Id.* § 410.251.

The Act divides judicial review of workers' compensation appeals by drawing a distinction between issues that concern compensability and those that do not. *Id.* §§ 410.301(a), § 410.255(a). Section 410.301(a) of the Texas Labor Code provides that "[j]udicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter." *Id.* § 410.301(a). Appeals from decisions regarding compensability or benefits eligibility must generally be filed in the county where the employee resided at the time of the injury or death. *Id.* § 410.252(b)(1). In a section 410.301 appeal, the issues that the TWCC appeals panel decided are tried to the court or a jury, and the appealing party bears the burden of proof by a preponderance of the evidence. *Id.* § 410.304. The factfinder may consider, but is not bound by, the appeals panel's decision. *Id.*; *see Garcia*, 893 S.W.2d at 515. The method of review that section 410.301 provides is known as modified de novo review. *Id.*

Section 410.255 of the Texas Labor Code governs review of issues that section 410.301(a) does not cover, and provides for judicial review in the manner provided for a contested case under Subchapter G, Chapter 2001, of the Government Code.

---

1. The court of appeals, the trial court, and the parties all treat the issue as one of subject-matter jurisdiction, but we have held that it is not. *See Fed. Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600–601 (Tex.1943) (interpreting Tex.Rev.Civ. Stat. article 8307a, predecessor of § 410.252(c)). "[F]iling suit in the wrong county does not deprive the court of subject matter jurisdiction." *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex.2004) (citing *Brown v. Owens*, 674 S.W.2d 748, 751 (Tex.1984)). The confusion here apparently stems from the Labor Code itself, which provides that when suit is filed in the wrong county, "the court, on determining that it does not have *jurisdiction* to render judgment on the merits of the suit, shall transfer the case to a proper court." TEX. LAB.CODE § 410.252(c) (emphasis added). Of course,

"jurisdiction" has many meanings, and both courts and legislators often use it to mean something other than a court's power to adjudicate a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000). Both the United States Supreme Court and this Court have cautioned against assuming "jurisdiction" means "subject-matter jurisdiction" due to the stark consequences that accompany the latter term. *Arbaugh*, 546 U.S. at 512–15, 126 S.Ct. 1235; *Dubai*, 12 S.W.3d at 76. Here, it is clear the Legislature did not mean subject-matter jurisdiction, as the remedy it provided was transfer rather than dismissal.

TEX. LAB.CODE § 410.255(a). Under Subchapter G, the trial court sits without a jury and its review is generally confined to the agency record under a substantial-evidence standard. *Id.* § 410.255(b); TEX. GOV'T CODE § 2001.175(e). An appeal from a decision that does not concern compensability must be filed in Travis County. TEX. LAB.CODE § 410.255(a); TEX. GOV'T CODE § 2001.176(b)(1).

Accordingly, the appropriate judicial review mechanism depends upon the nature of the issue in dispute. Margarita claims that the question of who Guadalupe was working for when he was injured falls under section 410.301 because a worker's employment status is a necessary component of any compensability inquiry.[2] The insurers, on the other hand, contend that when one or more potential employers of an injured worker is a nonsubscriber to workers' compensation insurance, a threshold determination must be made as to who employed the worker and whether or not that employer was a subscriber. The insurers claim that only once it is determined that the employer for whom the employee worked was a subscriber does the compensability issue, *i.e.* whether the injury occurred in the course and scope of employment, arise. Thus, in the insurers' view, the question presented when a nonsubscriber is a potential employer is one of coverage, not compensability. Our analysis of the parties' respective positions turns on construction of sections 410.301 and 410.255 of the Labor Code. But first, we address a preliminary issue.

### B. Preservation of Employment–Status Issue

■ As a threshold matter, Liberty Mutual contends the compensability issue is not properly before us because Margarita failed to specifically identify the issue of Guadalupe's employment status in her original petition to the district court. *See* TEX. LAB.CODE § 410.302(b). Thus, according to Liberty Mutual, the district court never had jurisdiction to decide that issue. *Id.* We disagree. In her First Amended Original Petition, Margarita alleged that her husband suffered a compensable injury and that she was aggrieved by each of the issues the hearing officer decided, which included his decision regarding Guadalupe's employment status. Liberally construing her allegations in favor of jurisdiction as we must, *see Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996), the district court properly exercised jurisdiction over all of the appeals panel's determinations, including its decision regarding Guadalupe's employment status.

### C. Compensability

■ Our objective in construing a statute is to determine and give effect to the Legislature's intent. *See Cont'l Cas. Ins. Co. v. Functional Restoration Assoc.*, 19 S.W.3d 393, 398 (Tex.1999) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)). In discerning that intent, we must give effect to the statute's plain meaning. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex.2004). We also consider each provision in the context of the entire statute, not merely those portions that are in dispute. *See Cont'l Cas.*, 19 S.W.3d at 398 (citing *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex.1994) (stating "[o]nly in the context of the remainder of the statute can

---

**2.** Texas Property and Casualty Insurance Guaranty Association for Paula Insurance Company, Impaired Insurer, and Texas Mutual Insurance Company submitted amicus curiae briefs in support of Margarita's petition.

the true meaning of a single provision be made clear")).

Section 410.301 of the Labor Code governs judicial review of appeals panel decisions "regarding compensability or eligibility for or the amount of income or death benefits." TEX. LAB.CODE § 410.301(a). While the Act does not define "compensability or eligibility" or enumerate which issues these concepts concern, it does define other terms that shed light on their meaning. "Benefit" is defined as "a medical benefit, an income benefit, a death benefit, or a burial benefit based on compensable injury." *Id.* § 401.011(5). A "compensable injury" is defined as one that "arises out of and in the course and scope of employment for which compensation is payable under [the Act]." *Id.* § 401.011(10). "Course and scope of employment" is defined as "an activity ... that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." *Id.* § 401.011(12). An "employee" is a "person in the service of another under a contract of hire, whether express or implied, or oral or written," *id.* § 401.012(a), and an "employer" is "a person who ... employs one or more employees, and has workers' compensation insurance coverage," *id.* § 401.011(18). Thus, the concept of "compensability" has several elements, any of which may be in dispute depending upon the particular circumstances presented.

■ In this case, the TWCC hearing examiner determined that Guadalupe Morales was an independent contractor at the time he was injured and thus his injury did not occur in the course and scope of employment with any of the three named defendants. We have identified "whether [the injury] occurred in the course and scope of employment" as an example of an issue that regards compensability under the statute. *Garcia,* 893 S.W.2d at 515.

Course-and-scope inquiries have traditionally been considered questions within the factfinder's realm, and the Legislature appears to have acknowledged as much in adopting the modified de novo standard of review for issues regarding compensability. *See id.* The carriers do not contend otherwise. They acknowledge that course-and-scope inquiries generally concern compensability, but only so long as all potential employers are subscribers. When a potential employer is not a subscriber, they argue, the question of who was the employer at the time of injury becomes an issue of coverage because nonsubscribers are not subject to the Act and the TWCC has no jurisdiction over them.

We do not disagree that assessing a potential employer's subscriber status concerns coverage under the Act, or that this issue must be resolved before an employer's liability for workers' compensation benefits can be determined. But the concepts of coverage and compensability are not necessarily mutually exclusive as the carriers presume. The Act's judicial-review provisions speak not in terms of "coverage" but of (1) issues concerning "compensability or eligibility for ... benefits" under 410.301(a), and (2) "all issues other than those covered under Section 410.301(a)." *Id.* §§ 410.255(a), 410.301(a). Under the statute's plain terms, a dispute must regard something "other than" compensability or eligibility to come within section 410.255(a). The issue in this case is whether Guadalupe Morales suffered a "compensable injury" that entitles Margarita to recover workers' compensation death benefits. *See id.* § 408.181(a) (providing that benefits are payable to the legal beneficiary "if a compensable injury to the employee results in death"). It is true an element of that inquiry may concern a potential employer's subscriber status for purposes of determining coverage under a policy of workers' compensation insurance.

But resolving that issue in this case will directly impact whether Guadalupe suffered a "compensable injury" and determine Margarita's eligibility for workers' compensation benefits. Under these circumstances, we cannot conclude that something "other than" compensability is in issue for purposes of judicial review.

In *Rodriguez v. Service Lloyds Insurance Co.*, we considered the scope of the "compensability" inquiry in the context of a challenge to the finality of a TWCC impairment rating. 997 S.W.2d 248, 252–54 (Tex.1999). The carrier contended substantial-evidence review applied because the issue of an impairment rating's finality is procedural and does not directly concern the substantive issue of benefits. *Id.* at 253. We disagreed, noting that any dispute challenging the finality of an impairment rating necessarily implicates the point of maximum medical improvement, which in turn may affect temporary income benefits, eligibility for and calculation of impairment income benefits, and supplemental income benefits. *Id.* at 253–54. Because impairment ratings affect benefits, we held that procedural disputes about impairment-rating finality implicate compensability and therefore modified de novo review applies. *Id.* On the other hand, we have said that disputes over collateral matters like attorney's fees and administrative sanctions presumably do not concern compensability and are subject to substantial-evidence review under section 410.255. *Garcia*, 893 S.W.2d at 530 n. 27; *see also Cont'l Cas.*, 19 S.W.3d at 400 n. 6.[3]

The existence of a compensable injury is the threshold requirement for payment of benefits under the Act. *See* Tex. Lab.Code §§ 401.011(5), 406.031(a). And there are various elements that affect whether an injury is compensable, including the worker's employment status as an employee or independent contractor at the time of injury, whether the worker was injured in the course and scope of employment, who controlled the employee's work when the injury occurred, and whether a particular employer has an insurance policy in effect. *See id.* §§ 401.011(12), (18), 401.012(a). If Guadalupe Morales was not an "employee" of an "employer" when he was injured, or was not injured in "the course and scope of employment," he did not suffer a "compensable injury" and is not eligible for benefits under the Act. A dispute about any of these elements regards "compensability or eligibility for ... benefits" and is subject to judicial review under section 410.301.

### III. Conclusion

For the foregoing reasons, we reverse the court of appeals' judgment and remand this case to the district court for further proceedings consistent with this opinion.

---

**3.** The parties cite a number of appellate court decisions in support of their respective positions in this case. *See, e.g., State Office of Risk Mgmt. v. Herrera*, 189 S.W.3d 405, 408 (Tex.App.-Amarillo 2006, no pet.) (holding that identification of the employer at the time of injury is an issue of compensability); *Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.*, 208 S.W.3d 523, 539 (Tex.App.-Austin 2006, pet. filed) (holding that whether injured workers were acting within the scope of employment of a covered employer is a question of compensability); *In re Hartford Underwriters Ins. Co.*, 168 S.W.3d 293, 296 (Tex.App.-Eastland 2005, orig. proceeding) (holding that an appeals panel decision dealing only with attorney's fees did not present an issue of compensability or eligibility); *Houston Gen. Ins. Co. v. Ass'n Cas. Ins. Co.*, 977 S.W.2d 634, 636 (Tex.App.-Tyler 1998, no pet.) (holding that the question of which insurance carrier was responsible for the worker's injury is not one of compensability). However, none of these cases present the precise circumstances now before us and we express no opinion on those decisions.