**Opinion filed October 7, 2010**



## In The

# Eleventh Court of Appeals

_____

## No. 11-09-00227-CV

_____

## MELBA SMITH, Appellant

## V.

## TRAVELERS CASUALTY AND SURETY COMPANY, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CC 14757**

### O P I N I O N

This is a workers' compensation dispute. Melba Smith filed suit against Travelers Casualty and Surety Company challenging her impairment rating for an on-the-job injury. Smith subsequently filed an amended petition challenging the date she was determined to have reached maximum medical improvement (MMI). Travelers responded to the amended petition with a plea to the jurisdiction. The trial court granted Travelers' plea and abated Smith's MMI issue. We reverse.

## I. *Background Facts*

Smith was injured while in the course and scope of her employment, and she ultimately underwent two cervical fusion surgeries. A Texas Department of Insurance, Division of Workers' Compensation designated doctor certified her date of MMI as February 15, 2007, and assessed an impairment rating of twenty-one percent. Travelers disputed Smith's impairment rating. The Division requested clarification from the doctor. Their requests were ignored, and the Division selected a new designated doctor. The second doctor was asked to assess Smith's impairment rating as of February 15, 2007. Smith requested that the doctor also be allowed to opine on the date of her MMI, but the Division denied this request. The designated doctor assessed Smith's impairment rating at eleven percent.

The Division conducted a benefit review conference and a contested case hearing. The parties agreed that the sole disputed issue was Smith's impairment rating. The Division found that her impairment rating was eleven percent. This finding became final after an appeals panel decision on September 11, 2008. On October 2, Smith filed suit against Travelers in Midland County, arguing that the Division acted improperly by replacing the first designated doctor and by setting her impairment rating at eleven percent.

Smith initiated a second administrative proceeding to complain of the date of her MMI. Travelers contended that Smith was barred from contesting the MMI determination by operation of collateral estoppel. The hearing officer determined that collateral estoppel did not apply but ratified the original February 15, 2007 MMI determination. On November 3, 2008, an appeals panel affirmed the hearing officer's MMI determination, but it also found that collateral estoppel barred Smith from litigating this issue. Smith appealed this decision by filing an amended petition on December 3, 2008. Travelers responded with a plea to the jurisdiction concerning the issues raised by Smith's amended petition. Travelers argued that Smith failed to file an original petition within the statutory deadline and that the trial court lacked jurisdiction to determine whether collateral estoppel barred Smith from litigating the date of MMI because that issue did not regard compensability under TEX. LAB. CODE ANN. § 410.301(a) (Vernon 2006). The trial court granted the plea and abated consideration of Smith's date of MMI.

## II. *Issues*

Smith presents a single issue, arguing that the trial court erred by granting the plea to the jurisdiction.

III. *Discussion*

A. *Judicial Review of Workers' Compensation Appeals.*

The Texas Workers' Compensation Act provides the exclusive remedy of an employee covered by workers' compensation insurance against the employer for work-related injuries. TEX. LAB. CODE ANN. §408.001(a) (Vernon 2006). At the administrative level, disputed benefits claims proceed through a three-step process: a benefit review conference, a contested case hearing, and an administrative appeal. TEX. LAB. CODE ANN. §§ 410.021-.034, 410.151-.169, 410.201-.209 (Vernon 2006 & Supp. 2010); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 514 (Tex 1995).

The Act provides two mechanisms for judicial review of workers' compensation appeals. Section 410.301(a) covers "[j]udicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits." To appeal such a decision, the plaintiff generally must file a petition in the county where the employee resided at the time of injury or death within forty days after the appeals panel decision becomes final. Former TEX. LAB. CODE § 410.252(a), (b)(1) (2003).[1] Compensability and eligibility issues are subject to modified de novo review. *Garcia*, 893 S.W.2d at 515.

Judicial review of appeals panel decisions that do not regard compensability or eligibility are governed by Subchapter G, Chapter 2001 of the Texas Government Code. TEX. LAB. CODE ANN. §§ 410.255(a), 410.301(a) (Vernon 2006). To appeal these decisions, the plaintiff must file a petition in Travis County within thirty days after the decision becomes final. TEX. GOV'T CODE ANN. § 2001.176(a), (b) (Vernon 2008). These appeals are subject to a substantial evidence review. Section 410.255(b).

B. *Was Smith Required to File an Original Petition?*

The second appeals panel decision became final on November 3, 2008. Smith filed her amended petition on December 3, 2008. This is within the forty days allowed by the Act, but Travelers asserts that Smith was required to file an original petition and, therefore, that her amended petition was insufficient. The Act does not specify the use of an original petition to appeal a final appeals panel decision. Section 410.252 requires only that a party "file a petition with the appropriate court." *Id.* Smith's amended petition, therefore, satisfies all statutory requirements.

---

[1]This section was subsequently amended to allow forty-five days to file the petition. TEX. LAB. CODE ANN. § 410.252(a) (Vernon Supp. 2010).

*C. Was Smith Required to File Suit in Travis County?*

Smith argues that the date of MMI is an issue regarding compensability and, therefore, that her amended petition was properly filed in Midland. Travelers maintains that collateral estoppel does not implicate compensability and, thus, that Smith was required to file suit in Travis County.

The Act does not define "compensability" or list those issues that the concept encompasses, but the Texas Supreme Court has held that an issue regards compensability if its determination will affect the workers' compensation benefits that a claimant will receive. *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518-19 (Tex. 2007); *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999).

In *Morales*, a claimant filed suit in El Paso County to review an appeals panel decision regarding the employment status of her deceased husband. 241 S.W.3d at 515. The insurance carrier filed a plea to the jurisdiction and framed the issue of employment status as one of coverage rather than compensability. The trial court granted the plea but the Supreme Court reversed, observing that "the concepts of coverage and compensability are not mutually exclusive." *Id*. at 518. The court noted that, while the Act does not define "compensability," it does define other related terms. *Id*. The Act's definition of "benefit" requires a "compensable injury," which in turn requires a determination of whether the injury was in the "course and scope of employment." *Id*. (citing TEX. LAB. CODE ANN. § 401.011(5), (10) (Vernon Supp. 2010)). The definition of "[c]ourse and scope of employment," requires a determination of employment status and workers' compensation coverage. *Id*. (citing Section 401.011(12), (18) and TEX. LAB. CODE ANN. § 401.012(a) (Vernon 2006)). Employment status, therefore, determines whether a compensable injury was suffered and whether a claimant is eligible for workers' compensation benefits. *Id*. at 518-19. Because the determination of the claimant's employment status affected whether the claimant would receive workers' compensation benefits, it was an issue regarding compensability. *Id*. at 519.

Similarly, *Rodriguez* dealt with the standard of review to be applied to an appeal on the finality of an impairment rating. 997 S.W.2d at 252. The claimant argued that modified de novo review should be applied because the issue concerned compensability. *Id*. at 253. The carrier contended that the finality of an impairment rating was a procedural matter and did not concern compensability. *Id*. The supreme court disregarded the proposed distinction between procedure and compensability. *Id*. Any dispute about the finality of an impairment rating necessarily

4

implicates the date of MMI, which may affect temporary income benefits, eligibility for and calculation of impairment income benefits, and supplemental income benefits. *Id*. at 254. Because a determination of the finality of an impairment rating would affect workers' compensation benefits, it was an issue that concerned compensability. *Id*.

A determination of whether collateral estoppel bars Smith from litigating the date of MMI would affect the benefits that she ultimately receives. *See* TEX. LAB. CODE ANN. § 408.123 (Vernon 2006) (impairment rating may not be set until MMI reached); TEX. LAB. CODE ANN. § 408.121(a) (Vernon 2006) (impairment income benefits are to be paid beginning the day after employee reaches MMI at the rate of three weeks for each percentage point of impairment). Therefore, whether collateral estoppel bars Smith from litigating the date of MMI is an issue regarding compensability. Smith's amended petition was properly filed in Midland County. Consequently, the trial court erred by granting Travelers' plea to the jurisdiction. Issue One is sustained. Our holding is limited to a determination of the trial court's jurisdiction over the issues raised by Smith's amended petition. We express no opinion on the merits of Smith's claims.

## IV. *Conclusion*

The order of the trial court is reversed, and the cause is remanded.


RICK STRANGE

JUSTICE


October 7, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5