Opinion filed October 7,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00227-CV

                                                    __________

 

 

                                       MELBA SMITH, Appellant

                                                             V.

             TRAVELERS CASUALTY AND SURETY COMPANY, Appellee

 



 

                              On
Appeal from the County Court at Law No. 2

 

                                                          Midland
County, Texas

 

                                                  Trial
Court Cause No. CC 14757

 



 

                                                                  O
P I N I O N

            This
is a workers’ compensation dispute.  Melba Smith filed suit against Travelers
Casualty and Surety Company challenging her impairment rating for an on-the-job
injury.  Smith subsequently filed an amended petition challenging the date she
was determined to have reached maximum medical improvement (MMI).  Travelers responded
to the amended petition with a plea to the jurisdiction.  The trial court
granted Travelers’ plea and abated Smith’s MMI issue. We reverse.  

I. 
Background Facts

            Smith
was injured while in the course and scope of her employment, and she ultimately
underwent two cervical fusion surgeries.  A Texas Department of Insurance,
Division of Workers’ Compensation designated doctor certified her date of MMI as
February 15, 2007, and assessed an impairment rating of twenty-one percent.  Travelers
disputed Smith’s impairment rating.  The Division requested clarification from
the doctor.  Their requests were ignored, and the Division selected a new
designated doctor.  The second doctor was asked to assess Smith’s impairment
rating as of February 15, 2007.  Smith requested that the doctor also be
allowed to opine on the date of her MMI, but the Division denied this request. 
The designated doctor assessed Smith’s impairment rating at eleven percent.

            The
Division conducted a benefit review conference and a contested case hearing.  The
parties agreed that the sole disputed issue was Smith’s impairment rating.  The
Division found that her impairment rating was eleven percent.  This finding
became final after an appeals panel decision on September 11, 2008.  On October
2, Smith filed suit against Travelers in Midland County, arguing that the Division
acted improperly by replacing the first designated doctor and by setting her
impairment rating at eleven percent.

            Smith
initiated a second administrative proceeding to complain of the date of her MMI. 
Travelers contended that Smith was barred from contesting the MMI determination
by operation of collateral estoppel.  The hearing officer determined that
collateral estoppel did not apply but ratified the original February 15, 2007
MMI determination.  On November 3, 2008, an appeals panel affirmed the hearing
officer’s MMI determination, but it also found that collateral estoppel barred
Smith from litigating this issue.  Smith appealed this decision by filing an
amended petition on December 3, 2008.  Travelers responded with a plea to the
jurisdiction concerning the issues raised by Smith’s amended petition.  Travelers
argued that Smith failed to file an original petition within the statutory
deadline and that the trial court lacked jurisdiction to determine whether
collateral estoppel barred Smith from litigating the date of MMI because that
issue did not regard compensability under Tex.
Lab. Code Ann. § 410.301(a) (Vernon 2006).  The trial court granted the
plea and abated consideration of Smith’s date of MMI.

II.  Issues

            Smith
presents a single issue, arguing that the trial court erred by granting the
plea to the jurisdiction.

 

III. 
Discussion

A.  Judicial Review of
Workers’ Compensation Appeals.

            The
Texas Workers’ Compensation Act provides the exclusive remedy of an employee
covered by workers’ compensation insurance against the employer for
work-related injuries.  Tex. Lab. Code
Ann. §408.001(a) (Vernon 2006).  At the administrative level, disputed
benefits claims proceed through a three-step process:  a benefit review
conference, a contested case hearing, and an administrative appeal.  Tex. Lab. Code Ann. §§ 410.021-.034,
410.151-.169, 410.201-.209 (Vernon 2006 & Supp. 2010); Tex. Workers’
Comp. Comm’n v. Garcia, 893 S.W.2d 504, 514 (Tex 1995).     

            The
Act provides two mechanisms for judicial review of workers’ compensation
appeals.  Section 410.301(a) covers “[j]udicial review of a final decision of
the appeals panel regarding compensability or eligibility for or the amount of
income or death benefits.”  To appeal such a decision, the plaintiff generally
must file a petition in the county where the employee resided at the time of
injury or death within forty days after the appeals panel decision becomes
final.  Former Tex. Lab. Code § 410.252(a),
(b)(1) (2003).[1] 
Compensability and eligibility issues are subject to modified de novo review.  Garcia,
893 S.W.2d at 515.    

            Judicial
review of appeals panel decisions that do not regard compensability or
eligibility are governed by Subchapter G, Chapter 2001 of the Texas Government
Code.  Tex. Lab. Code Ann. §§
410.255(a), 410.301(a) (Vernon 2006).  To appeal these decisions, the plaintiff
must file a petition in Travis County within thirty days after the decision
becomes final. Tex. Gov’t Code Ann.
§ 2001.176(a), (b) (Vernon 2008).  These appeals are subject to a substantial evidence
review.  Section 410.255(b). 

            B. 
Was Smith Required to File an Original Petition?

            The
second appeals panel decision became final on November 3, 2008.  Smith filed her
amended petition on December 3, 2008.  This is within the forty days allowed by
the Act, but Travelers asserts that Smith was required to file an original
petition and, therefore, that her amended petition was insufficient.  The Act
does not specify the use of an original petition to appeal a final appeals
panel decision.  Section 410.252 requires only that a party “file a petition
with the appropriate court.”  Id.  Smith’s amended petition, therefore, satisfies
all statutory requirements.  

            C. 
Was Smith Required to File Suit in Travis County?

            Smith
argues that the date of MMI is an issue regarding compensability and, therefore,
that her amended petition was properly filed in Midland.  Travelers maintains
that collateral estoppel does not implicate compensability and, thus, that Smith
was required to file suit in Travis County.

            The
Act does not define “compensability” or list those issues that the concept
encompasses, but the Texas Supreme Court has held that an issue regards
compensability if its determination will affect the workers’ compensation benefits
that a claimant will receive.  Morales v. Liberty Mut. Ins. Co., 241
S.W.3d 514, 518-19 (Tex. 2007); Rodriguez v. Serv. Lloyds Ins. Co., 997
S.W.2d 248, 254 (Tex. 1999).  

            In Morales,
a claimant filed suit in El Paso County to review an appeals panel decision
regarding the employment status of her deceased husband.  241 S.W.3d at 515. 
The insurance carrier filed a plea to the jurisdiction and framed the issue of
employment status as one of coverage rather than compensability.   The trial
court granted the plea but the Supreme Court reversed, observing that “the
concepts of coverage and compensability are not mutually exclusive.”  Id.
at 518.  The court noted that, while the Act does not define “compensability,”
it does define other related terms.  Id.  The Act’s definition of
“benefit” requires a “compensable injury,” which in turn requires a
determination of whether the injury was in the “course and scope of
employment.”  Id. (citing Tex.
Lab. Code Ann. § 401.011(5),
(10) (Vernon Supp. 2010)).  The definition of “[c]ourse and scope of employment,”
requires a determination of employment status and workers’ compensation
coverage.  Id. (citing Section 401.011(12), (18) and Tex. Lab. Code Ann. § 401.012(a)
(Vernon 2006)).  Employment status, therefore, determines whether a compensable
injury was suffered and whether a claimant is eligible for workers’
compensation benefits.  Id. at 518-19.  Because the determination of the
claimant’s employment status affected whether the claimant would receive
workers’ compensation benefits, it was an issue regarding compensability.  Id.
at 519.  

            Similarly,
Rodriguez dealt with the standard of review to be applied to an appeal
on the finality of an impairment rating.  997 S.W.2d at 252.  The claimant
argued that modified de novo review should be applied because the issue
concerned compensability.  Id. at 253.  The carrier contended that the
finality of an impairment rating was a procedural matter and did not concern
compensability.  Id.  The supreme court disregarded the proposed distinction
between procedure and compensability.  Id.  Any dispute about the
finality of an impairment rating necessarily implicates the date of MMI, which
may affect temporary income benefits, eligibility for and calculation of
impairment income benefits, and supplemental income benefits.  Id. at
254.  Because a determination of the finality of an impairment rating would
affect workers’ compensation benefits, it was an issue that concerned
compensability.  Id.       

            A
determination of whether collateral estoppel bars Smith from litigating the date
of MMI would affect the benefits that she ultimately receives.  See Tex. Lab. Code Ann. § 408.123 (Vernon
2006) (impairment rating may not be set until MMI reached); Tex. Lab. Code Ann. § 408.121(a)
(Vernon 2006) (impairment income benefits are to be paid beginning the day
after employee reaches MMI at the rate of three weeks for each percentage point
of impairment).  Therefore, whether collateral estoppel bars Smith from
litigating the date of MMI is an issue regarding compensability.  Smith’s
amended petition was properly filed in Midland County.  Consequently, the trial
court erred by granting Travelers’ plea to the jurisdiction.  Issue One is
sustained.   Our holding is limited to a determination of the trial court’s
jurisdiction over the issues raised by Smith’s amended petition.  We express no
opinion on the merits of Smith’s claims.    

IV.  Conclusion

            The
order of the trial court is reversed, and the cause is remanded.

 

            

                                                                                                RICK STRANGE

 

                                                                                                                                                                                    JUSTICE

 

October 7, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]This section was subsequently amended to allow
forty-five days to file the petition.  Tex.
Lab. Code Ann. § 410.252(a) (Vernon Supp. 2010).