**Opinion filed October 20, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00123-CV

_____

## LIBERTY INSURANCE CORPORATION, Appellant

## V.

## MARY ANN TARANGO, SURVIVING SPOUSE OF MANUEL TARANGO, DECEASED, Appellee

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 6349**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the judicial review of an administrative decision by a Texas Division of Workers' Compensation Appeals Panel that affirmed the hearing officer's denial of workers' compensation benefits to Mary Ann Tarango, the surviving spouse of Manuel "Benny" Tarango, a deceased employee. After a bench trial, the trial court entered judgment in which it reversed the appeals panel decision and ordered that Mary Ann was the proper legal beneficiary of Benny and that she

was entitled to workers' compensation death benefits. Because we hold that the trial court improperly placed the burden of proof on Liberty Insurance Corporation to prove that Mary Ann abandoned Benny, we reverse and remand.

Benny sustained fatal injuries at work due to an explosion and fire. His surviving spouse, Mary Ann, filed a claim for death benefits. Liberty disputed Mary Ann's claim. Liberty contended that Mary Ann was not the proper legal beneficiary because she abandoned Benny for more than one year preceding his death. A workers' compensation hearing officer determined that Mary Ann was not the proper legal beneficiary, and the appeals panel affirmed the hearing officer's decision. Mary Ann sought judicial review, and after a bench trial, the trial court entered judgment in favor of Mary Ann.

Liberty presents eight issues for our review. In its first issue, Liberty contends that the trial court misapplied Rule 132.3 of the Texas Workers' Compensation Administrative Rules when it determined that Mary Ann was the proper legal beneficiary of Benny. Liberty argues in its second issue that the trial court erred when it placed the burden of proof on Liberty to prove abandonment when Section 410.303 of the Texas Labor Code provides that the burden of proof is on the party seeking judicial review of a decision of a Division of Workers' Compensation Appeals Panel. Liberty asserts in its third issue that the trial court erred when it determined that abandonment was an affirmative defense that must be pleaded. In its fourth and fifth issues, Liberty challenges the legal and factual sufficiency of the evidence regarding the trial court's finding that Mary Ann had good cause for her abandonment of Benny. In its sixth and seventh issues, Liberty challenges the legal and factual sufficiency of the evidence regarding the trial court's finding that Mary Ann did not abandon Benny for more than one year preceding Benny's death. And, in its eighth and final issue, Liberty argues that the trial court abused its discretion

2

when it excluded the testimony of Florencia "Flo" Ortiz Stone and Elizabeth Perez regarding Benny's divorce and marriage.

We will first address Liberty's third issue in which it claims that the trial court erred when it determined that abandonment is an affirmative defense that must be pleaded. Mary Ann objected to Liberty asking any questions about or presenting any evidence of the issue of abandonment because Liberty had not pleaded the issue as an affirmative defense. Although the trial court found that abandonment was an affirmative defense that should be specifically pleaded, the trial court also noted that Mary Ann specifically addressed the issue of abandonment in her original petition. Because the trial court found that Mary Ann anticipated the defense of abandonment, it overruled Mary Ann's objection and considered the issue of abandonment in its determination of whether Mary Ann was the proper legal beneficiary. Ultimately, the trial court found that Mary Ann did not abandon Benny or, if so, that she abandoned him with good cause. Thus, while Liberty's argument may have merit based on our disposition of Liberty's second issue that we discuss below, the issue of abandonment was litigated by the parties and was decided by the trial court. Therefore, at this juncture, the issue is moot. We overrule Liberty's third issue.

In Liberty's second issue, it claims that the trial court improperly placed the burden on Liberty to prove that Mary Ann abandoned Benny. We agree. Section 410.303 of the Texas Labor Code provides that a party that seeks judicial review of an administrative decision by the Texas Division of Workers' Compensation has the burden of proof by a preponderance of the evidence on the issue that the party is appealing. TEX. LAB. CODE ANN. § 410.303 (West 2015); *see also* LAB. § 410.302(b) ("A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved."); *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007)

3

("the appealing party bears the burden of proof by a preponderance of the evidence"). Mary Ann argues that Rule 132.3 of the Texas Workers' Compensation Administrative Rules and Section 408.182 of the Labor Code place the burden of proof of abandonment on the party asserting abandonment. Mary Ann further asserts that, after she established a legal marriage, Liberty was required to establish that Mary Ann had abandoned Benny and that only if Liberty presented clear evidence of abandonment did the burden shift to Mary Ann to present evidence to rebut Liberty's evidence that she abandoned Benny. Mary Ann contends that the question before the trial court was whether Mary Ann was the proper legal beneficiary, not whether Mary Ann abandoned Benny.

The trial court's judgment provides that "[t]he issue decided at the administrative level below and on which Judicial Review was sought by [Mary Ann] herein is as follows: Is Mary Ann Tarango the proper legal beneficiary of the deceased, Manuel Tarango, entitling her to death benefits?" Section 408.182 defines "eligible spouse" as "the surviving spouse of a deceased employee unless the spouse abandoned the employee for longer than the year immediately preceding the death without good cause, as determined by the division." LAB. § 408.182(f)(3). Although Rule 132.3(b)(3) provides that "[t]he burden is on a person who opposes the claim of a surviving spouse to prove the spouse abandoned the deceased employee," Section 410.303 expressly provides that it is the party who seeks judicial review who has the burden to prove the issue. *See* 28 TEX. ADMIN. CODE § 132.3 (Tex. Dep't of Ins., Div. of Workers' Comp.); LAB. § 410.303; *Morales*, 241 S.W.3d at 516. Here, the hearing officer specifically found that Mary Ann abandoned the marriage for more than one year immediately preceding Benny's death, without good cause, and that she was not an eligible beneficiary for death benefits. The appeals panel affirmed the hearing officer's decision.

As the trial court noted in its ruling on Mary Ann's affirmative defense objection, Mary Ann specifically challenged the issue of abandonment in her original petition. In her original petition, she states that "[t]he adverse determination that Mary Ann Tarango disputes is the erroneous finding that she abandoned the Decedent for more than one year immediately preceding Decedent's death without good cause." Thus, the finding that Mary Ann specifically challenged was the finding that she abandoned Benny, and it was this issue that Mary Ann had the burden to prove by a preponderance of the evidence. The issue of whether Mary Ann was the proper legal beneficiary of Benny necessarily encompasses the issue of whether she abandoned Benny without good cause. *See* LAB. § 408.182 (a surviving spouse is an eligible spouse unless the spouse abandoned the employee).

The trial court specifically found that the burden of proof on the issue of abandonment was on Liberty. In addition, the trial court's third conclusion of law was as follows: "Liberty Insurance Corporation did not prove by a preponderance of the evidence that Mary Ann Tarango abandoned her husband, Manuel "Benny" Tarango, within the meaning of 28 Tex. Admin. Code, Rule 132.3." Because the burden of proof should have been placed on Mary Ann and not Liberty, the trial court erred.

We must next determine whether such error requires reversal. "No judgment may be reversed on appeal . . . unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1. Here, the trial court erred when it placed the burden of proof on the wrong party, with the result that the trial court could not make appropriate findings of facts and conclusions of law. The trial court's findings and conclusions were made based on the incorrect determination that Liberty had the burden of proof. Furthermore, the trial court's error affected the judgment because

5

the trial court ruled in favor of Mary Ann based upon its determination that Liberty's evidence did not meet a burden of proof that it did not have. We cannot speculate as to whether the trial court would have entered the same findings and conclusions, and ultimately the same judgment, if the burden of proof had been properly placed on Mary Ann. Therefore, we sustain Liberty's second issue.

Our disposition of this issue makes it unnecessary for us to review Liberty's other issues on appeal. *See* TEX. R. APP. P. 47.1. Although generally we would also determine whether the evidence was legally sufficient to support the challenged findings because a finding of legally insufficient evidence would require rendition instead of remand, we cannot do so in this case because the party with the burden of proof was not required to prove her case by a preponderance of the evidence.

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings not inconsistent with this opinion.


                                        JIM R. WRIGHT
                                        CHIEF JUSTICE


October 20, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6