## A. B. KERR v. W. J. HUTCHINS.

1. FRAUDULENT CONVEYANCE—ESTATES OF DECEDENTS.—To main-
tain a suit against an executrix of an estate, (who by the terms of
the will is not under the control of the Probate Court,) and against
one to whom the petition alleges that a fraudulent mortgage of
property had been made by the testator, for the purpose of setting
aside the conveyance, the plaintiff, who claims to be a creditor of the
estate, must show—
    1. That he has a valid claim against the estate.
    2. That as to his debt, the mortgage was fraudulent, and that
as a fraudulent incumbrance, it constitutes a substantial impedi-
ment to the collection of his debt.

2. SAME.—The facts entitling such party to a recovery being established,
the judgment should be against the executrix for the amount of the
debt, and a decree against the claimant, under the fraudulent mort-
gage, cancelling it as to so much of the property mortgaged as might
be necessary when levied on and sold, to satisfy the plaintiff's judg-
ment.

3. APPROVED.—Hall *v.* McCormick, 7 Tex., 278, 279, approved.

4. JUDGMENT—FRAUDULENT CONVEYANCE.—A judgment rendered in
a suit by a creditor against an executrix, and one claiming under
the fraudulent conveyance, which sets aside such conveyance so far
as the same may be necessary to secure the plaintiff's debt, does not
affect the validity of the conveyance beyond its terms, so far as the

executrix is concerned, nor as to other creditors who have not asked relief.

5. VERDICT.—The court should not receive a verdict which fails to find material issues submitted in the charge.

6. FRAUD.—In a suit to set aside a mortgage as fraudulent, the facts being established that the party charged with the fraud was largely indebted, at the time the mortgage was made, to various creditors, and mortgaged to one creditor "the mass" of his property, leaving not enough to satisfy the demands of other creditors, does not authorize the court to charge that such facts constituted fraud in law. It is the province of the jury, and not of the court, to draw the inference of fraud from such facts.

7. APPROVED.—Baldwin *v.* Peet, Sims & Co., 22 Tex., 708, and Briscoe *v.* Bronaugh, 1 Tex., 326, approved.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

W. J. Hutchins, the appellee, filed his suit in the District Court of Colorado county against Sarah B. Mercer, executrix of her late husband, Levi Mercer, deceased, alleging that Mercer owed him a note of $3,092.82, with ten per cent. interest, bearing date in October, 1861; that he had made a will, and appointed his wife, the said Sarah B. Mercer, executrix, without security and independent of the Probate Court, according to the statute respecting independent wills, &c. The said executrix failed to give any bond as such executrix, and yet had proceeded to manage the business of the estate in said Probate Court, &c.; that the said executrix had allowed a certain note for about $6,500, secured by a vendor's lien upon certain real estate, and by mortgage upon certain other real estate, of said Mercer's estate, and that the probate judge had approved the same and granted the application of the executrix to sell the property for the satisfaction of the debt and interest so claimed to be due to said Kerr; that in fact the note had been fully paid off and discharged by Mercer before his death, and was now allowed and approved and ordered to be paid, by collusion and fraud. The petition prayed for and obtained a writ of *certiorari*, to bring up said cause to the District Court, &c.

William J. Hutchins afterwards filed another petition in the same court, against said Sarah B. Mercer, executrix, and A. B. Kerr, in which it was charged that the note, lien, and mortgage claimed by Kerr and allowed by the executrix had been paid and satisfied by Mercer before his death; and that if the same was then in the hands of A. B. Kerr, he only held the same for the use and benefit of Mercer, and had no interest in the same; that the note, lien, and mortgage were only attempted to be kept alive for the fraudulent purpose of defeating the other creditors of said estate, and to enable Kerr to protect the property of Mercer from his creditors, and prayed that the same be canceled and fully discharged as paid. To this petition, Kerr answered by general demurrer and general denial, March, 1867.

On the 24th of October, 1870, W. J. Hutchins filed his amended petition, setting forth the allegations in his original petition about the Kerr note and claim, and declaring that on the 15th day of December, 1863, the note of $6,500 was payable to one E. W. Glenn, and was on that day paid off by Mercer, but that Glenn, at the request of Mercer, assigned the same to Kerr; "and it was the understanding of Mercer and Kerr, at the time of said assignment, that the said Kerr was to hold said note, in order to secure him in the amount which he (Kerr) had paid to Glenn for Mercer on said note," &c.; that "when the arrangement aforesaid was made, Levi Mercer was a man of wealth and owned a large number of negroes, but in 1865 (the date of the acknowledgment of the justice of the note by Mercer and the execution of the mortgage to Kerr on his lands to secure its payment) the negroes of Mercer had been freed, and he was largely indebted and unable to pay said debts, which facts were known to Kerr, and said acknowledgment was made, and said mortgage executed by the said Mercer, for the purpose of delaying, hindering, and defrauding his creditors, and for the purpose of protecting his property from his creditors," &c. "Plaintiff relied on all the allegations in his original peti-

tion, and prayed that the court may determine from the facts
how much of said note Kerr really owns, and only permit
him to hold said amount against the estate of said Mercer,
and for general relief," &c.

On the 6th of October, 1870, Kerr filed his amended an-
swer, in which he admitted the death of Mercer, his inde-
pendent will, the allowance by the executrix of his claim
upon the note, lien, and mortgage, but denied all combina-
tion, collusion, or fraud, and averred that he was the true,
legal owner of the $6,500 note, with its purchase-money
lien, and the mortgage for its further security, and that he
purchased the same from E. W. Glenn, in good faith, and paid
therefor a just, full, and fair consideration; and that Glenn,
in 1863, indorsed in writing, transferred, and delivered said
note, lien, and mortgage to defendant Kerr, under and by
which he claimed and owned the whole as his own prop-
erty.

In 1871, the two cases, Nos. 2163 and 2166, were consoli-
dated and tried, resulting in a judgment in favor of Hutchins
for his debt against the estate in the hands of the executrix,
and annulling, as fraudulent and void, the claim of Kerr, in
case No. 2166, and dismissing the other case, No. 2163, on
the ground that the Probate Court had no jurisdiction over
the estate under the independent will, and could not, by *cer-
tiorari*, send the cause to be tried *de novo* in the District
Court.

The executrix did not appeal from the judgment against
her in case 2166, nor did Hutchins appeal from the judg-
ment dismissing the case No. 2163 against the executrix
alone.

Defendant A. B. Kerr, however, did appeal to this court
for a reversal of the judgment against him in said cause No.
2166, annulling and setting aside his note for $6,500, its
purchase-money lien, and the mortgage upon other lands
given for its further security; and on the 27th day of June,
1872, this court reversed and remanded for a new trial the

said judgment against A. B. Kerr, upon the grounds and for the reasons set forth in its opinion.   (36 Tex., 452.)

When the cause was tried in the District Court, it was upon the same pleadings, except an amendment of the petition, declaring the estate of Levi Mercer insolvent at the time of his death and ever since.

The court below, amongst the charges asked by the plaintiff, gave the following, viz: " Any person who is largely indebted to various creditors, if he mortgage the whole to one creditor, (which was greatly more than sufficient to secure the debt of said creditor, said creditor knowing such indebtedness,) or the great mass of his property, leaving not enough to satisfy the demands of the other creditors, it is fraud in law, as to such other creditors, because it operates to hinder or delay such other creditors, although the purpose of the parties might not have been directly for the purpose of defrauding the other creditors."

The evidence is voluminous, and its statement is not rendered necessary by the opinion.

The jury returned the following verdict: " We, the jury, believe there to be a combination between Mercer and defendant Kerr to hold the property against the other creditors, and we find a verdict in favor of the plaintiff Hutchins for the principal and interest at eight per cent."

Upon this verdict the court proceeded to render judgment, annulling the note of $6,500, and discharging the lien in its favor for purchase-money on the land for which it was given, as well as the mortgage on other lands for its further security.

From this judgment the appeal was taken.

*J. R. Burns,* for appellant, argued at length the proposition that the charge of the court, which informed the jury that the condition of facts referred to in the statement of the case constituted fraud in law, was erroneous.

No brief for appellee has reached the reporters.

*Long & Long*, also for appellant.

ROBERTS, CHIEF JUSTICE.—To maintain this suit, it was incumbent on the plaintiff, Hutchins, to show that he had a valid claim against Sarah B. Mercer, as executrix of the will of her husband, Levi Mercer, deceased; that as to his said debt, the mortgage of A. B. Kerr upon the property in her hands, was fraudulent; and that this fraudulent incumbrance was a substantial impediment to the collection of his said debt.

Upon establishing these facts, the extent of the plaintiff's remedy was to obtain a judgment against the executrix, for the amount of his debt, a decree against A. B. Kerr, that his mortgage should be void as to so much of the property belonging to said estate as might be necessary, when levied on and sold, to satisfy the judgment of plaintiffs so recovered. (The executrix, by the terms of the will, was not under the control of the Probate Court.)

That such a suit can be maintained, upon showing that there was not sufficient effects left, unincumbered by the fraudulent conveyance, to pay the debt, was held by this court. (Hall *v.* McCormick, 7 Tex., 278–9; Story's Eq. Pl., sec. 227.) It would not follow from this that Kerr's debt and mortgage lien were void as to the executrix, or as to other creditors, who did not choose to assert any right against them. (Story's Eq. Juris., sec. 257*a*.) In that, Hutchins has no interest; and his equitable remedy for relief can extend no further than is necessary to establish and secure his own interest as against Kerr.

From these principles, it is plain that the court was not authorized to render a judgment against Kerr, declaring his note and mortgage absolutely null and void as against the estate of Levi Mercer, if, indeed, it could have been rendered at all, upon the defective, uncertain, and indefinite verdict, which said : " We, the jury, believe there to be a combination between Mercer and defendant, Kerr, to hold the property against the other creditors."

This verdict, though partly special, contains no finding on the issue of insolvency of Mercer, or whether or not it was necessary for the plaintiff to resort to the mortgaged property in order to collect his debt, which was the important matter that authorized the making of Kerr a party to this suit. The court should not have received a verdict which so far failed to find the material issues in the case submitted to them; or if the jury would find no other, the court should have declined to render a judgment against Kerr on so imperfect and irrelevant a verdict.

Another question arises upon the charge of the court, in reference to the conflicting evidence on the issue of fraud.

There was evidence tending pertinently to establish that the debt and mortgage of Kerr, as to creditors, were fraudulent; and, also that they were not so fraudulent. It was therefore important to leave the fact of fraud in the transaction fairly and fully to the judgment of the jury.

The court charged the jury, at the instance of plaintiff's counsel, as follows, in substance: "that if Levi Mercer was largely indebted to others, and mortgaged all of his property to Kerr, that was an acknowledgment of his insolvency." And further, "that if said Mercer was largely indebted to various creditors, and mortgaged to one creditor the 'mass' of his property, leaving not enough to satisfy the demands of other creditors, it is a fraud in law, as to such other creditors, because it operates to hinder or delay such other creditors, although the purpose of the parties might not have been directly to defraud the other creditors.

While these may often be, especially in connection with other concurring circumstances, very reasonable conclusions of fact, they are certainly not rules of law, and the court materially erred, in so instructing the jury, in reference to the facts of this case. It is province of the jury, and not of the court, to draw the inference of fraud, from such and similar facts, as has been repeatedly held by this court.

(Baldwin v. Peet, 22 Tex., 708; Briscoe v. Bronaugh, 1 Tex., 326.)

For these errors, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.