ACCEPTED
03-14-00012-CV
3703647
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 4:20:48 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00012-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 4:20:48 PM
JEFFREY D. KYLE____
Clerk

STATE OFFICE OF RISK MANAGEMENT
*Appellant*

v.

KATINA A. EDWARDS
*Appellee*

On Appeal from the
53rd Judicial District Court of Travis County, Texas

**APPELLANT'S REPLY BRIEF**

J. Red Tripp
State Bar No. 00790257
Assistant General Counsel
State Office of Risk Management
P.O. Box 13777
Austin, Texas  78711-3777
(512) 936-1516
Fax (512) 370-9189
Red.Tripp@sorm.state.tx.us
Counsel for Appellant

**ORAL ARGUMENT REQUESTED**

1

# TABLE OF CONTENTS

Page

Table of Contents………………………………………………………..……..2

Index of Authorities…………………………………………………………..….3

Reply Argument…………………………………………………………..…5

    I.    The Texas Department of Insurance, Division of Workers'
        Compensation (DWC), deprived SORM of its due process
        right to a fair hearing……………………………………………5

    II.   Appellant raised a Substantial Evidence Due Process Issue
        in its Original Petition.  Appellant withdrew only its challenge
        to the issues of compensability and indemnity in its Amended
        Petition.  Accordingly, venue is mandatory in Travis County,
        Texas…………………………………………………………..…5

        a.   Substantial Evidence Issue was Raised in the Original
             Petition……………………………………………………...5
        b.   Venue Is Mandatory in Travis County………………………….6
        c.   *De Novo* Review Does Not Cure the Due Process
             Violation…………………………………………………………8

    III.   Appellant Is Not Required By Any Rule or Statute to File a
         Declaratory Judgment Action Against DWC To Resolve The
         Issues In This Case…………………………………………...9

Conclusion and Prayer…………………………………………………11

Certificate of Service……………………………………………………12

Certificate of Compliance………………………………………………13

## INDEX OF AUTHORITIES

**CASES**

*Ross v. Kornrumpf*, 46 Texas 390, 393 (1885) …………………………………6

*Morales v. Liberty Mutual Insurance Co.*,
    241 S.W.3d 514, 517 (Tex. 2007)……………………….……………7

**STATUTES**

Tex. Gov't Code Subchapter G, §2001.174(2)………………….....7, 8, 11

Tex. Gov't Code Subchapter G, §2001.175…………………….…………10

Tex. Gov't Code Subchapter G, §2001.176……………………….….……7

Tex. Labor Code §410.252(b)(1)……………………………………………7

Tex. Labor Code §410.253…………………………………………………10

Tex. Labor Code §410.255……....………………………………5, 7, 8, 9, 10

Tex. Labor Code §410.258(b)……………………………………………10

Tex. Labor Code §410.301……………………………………………8, 10

**NO. 03-14-00012-CV**

---

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS
_____

STATE OFFICE OF RISK MANAGEMENT
*Appellant*

v.

KATINA A. EDWARDS
*Appellee*

---

On Appeal from the
53rd Judicial District Court of Travis County, Texas

---

**APPELLANT'S REPLY BRIEF**

---

TO THE HONORABLE JUSTICES OF THE TEXAS THIRD COURT OF APPEALS:

COMES NOW, Appellant, State Office of Risk Management and files this its Reply Brief to Appellee, Katina A. Edwards' Response brief, and would show as follows:

**REPLY ARGUMENT**

**I.    THE TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION (DWC), DEPRIVED APPELLANT OF ITS DUE PROCESS RIGHT TO A FAIR HEARING**

DWC deprived Appellant of its due process right to a fair hearing by failing to require Appellee to provide evidence-based expert medical evidence to prove her claim of occupational disease, thereby failing to properly place the burden of proof on Appellee.  Appellee has not provided any argument contrary to Appellant's position.  It must, therefore, be presumed that Appellee concurs with Appellant's position as to this Issue. To the extent that a reply is necessary, Appellant incorporates, in full, its argument as set forth in its original brief on the merits.

**II.    APPELLANT RAISED A SUBSTANTIAL EVIDENCE DUE PROCESS ISSUE IN ITS ORIGINAL PETITION.  APPELLANT WITHDREW ONLY ITS CHALLENGE TO THE ISSUES OF COMPENSABILITY AND INDEMITY IN ITS AMENDED PETITION. ACCORDINGLY, VENUE IS MANDATORY IN TRAVIS COUNTY, TEXAS**

**a. Substantial Evidence Issue was Raised in the Original Petition**

Appellee acknowledges that Appellant timely filed its original petition, but argues that Appellant's Amended Petition untimely sought judicial review under subchapter F and Tex. Labor Code §410.255.  However, Appellant's Amended Petition, filed on January 28, 2010, properly removed

5

only the issues of compensability and disability from its appeal without adding any new cause of action.[1] To the extent Appellee asserts that it was improper for Appellant to amend its original petition to more specifically describe the relief sought on its substantial evidence cause of action, this argument has been soundly rejected by the Texas Supreme Court since the 1800s. See *Ross v. Kornrumpf*, 46 Texas 390, 393 (1885) (A new cause of action is not set up by specifying more particularly the relief sought).

### b. Venue Is Mandatory In Travis County

Appellee acknowledges that Appellant is not seeking a reversal of the DWC's decision regarding compensability and disability;[2] rather, Appellant is asking this court to remand this matter to DWC for a new hearing in order that DWC make a determination in compliance with its statutory provisions and authority that is properly supported by the substantial evidence. This dispute is not over whether or not Appellee is entitled to benefits - this dispute is over whether or not the administrative agency followed the law in

---

[1] In its Original Petition to the Travis County District Court, Appellant stated that "Defendant was not held to [her] burden of proof. Plaintiff is, therefore, aggrieved by the improper application of the burden of proof…" CR at 5-6, and requested "such other and further relief at law or in equity to which the Court finds it may be justly entitled." CR at 7.

[2] Appellee's Response issue acknowledges "…the Insurance Carrier's legal insufficiency argument of the evidence at the administrative level does not matter as to compensability and disability issues…" Response Brief at viii.

coming to its decision. This Court has the authority to remand specifically for these reasons, but only under Tex. Gov't Code §2001.174(2), after which the DWC has the authority to either issue a new decision based upon the existing record or reopen the record for new evidence. Thus, a decision by this court to remand this matter to the DWC is not a *de facto* reversal, nor is such a reversal sought by Appellant from the court.

Appellee's proposition that Tex. Labor Code §410.252(b)(1) statutorily mandates venue in Fort Bend County, the county of Appellee's residence, regardless of whether the proper standard of review is *de novo* or substantial evidence is without merit. While Appellee contends that venue is mandatory in her county of residence, Tex. Labor Code §410.255 provides otherwise. If a dispute does not concern compensability, income or death benefits, the matter falls under Tex. Labor Code §410.255, which instructs parties that judicial review is to be conducted under Subchapter G, Chapter 2001, Government Code. Section 2001.176 of the Government Code specifically places mandatory venue in Travis County. See *Morales v. Liberty Mutual Insurance Co.*, 241 S.W.3d 514, 517 (Tex. 2007).

Appellee's contention that "if courts allow parties to seek review in Travis County on alleged legal errors, then almost every administrative

hearing could be alleged to have jurisdictional grounds in Travis County,"[3] is without merit. Appellant is requesting a remand back to DWC under Tex. Gov't Code §2001.174(2), because DWC did not properly apply the established law and procedure in this claim. If an insurance carrier was to file its petition in Travis County and the court determined that no legal or procedural error occurred, then the petition would fail and the injured worker would maintain their right to a jury trial in the county of their residence with the burden on the insurance carrier on any remaining issues concerning compensability, income or death benefits pursuant to Tex. Labor Code §410.301. An insurance carrier's appeal under Tex. Labor Code §410.255 would fail if the DWC did not misapply the law or procedure. Appellee's contention that by granting Appellant's request relief almost every case could then be filed in Travis County would be true only if "in almost every administrative hearing" the DWC misapplied the law or committed another egregious legal or procedural error. Appellee has offered no evidence that this is the case.

### c. *De Novo* Review Does Not Cure the Due Process Violation

Issues of due process, burden of proof, and evidence are not issues of compensability, eligibility to or the amount of income or death benefits,

---

[3] Appellee's Response Brief at 21.

under Tex. Labor Code §410.255.  Under Appellee's construction of the law, Appellant's only remedy would be to try the issues of compensability and disability before a jury with the burden of proof being placed upon the Appellant, thereby allowing the a party to continue to benefit from the DWC's erroneous placement of the burden of proof at the administrative level.  Appellant would then have to prove that something did not happen, which is antithetical to statute and logic.  The real issue of procedural error would never be addressed, nor corrected, contrary to Appellee's contention that "modified de novo review protects parties' rights to have errors corrected in court."[4]  Accordingly, contrary to Appellee's contentions, *de novo* review does not cure the due process violation.

## III. APPELLANT IS NOT REQUIRED BY ANY RULE OR STATUTE TO FILE A DECLARATORY JUDGMENT ACTION AGAINST DWC TO RESOLVE THE ISSUES IN THIS CASE

Appellant has never pled a declaratory judgment action in this matter.[5]  While Appellee argues that Appellant *could* have brought a Uniform Declaratory Judgment Act claim, Appellee offers no support for the contention that this was required under law.

---

[4]  Appellee's Response Brief at 20.
[5]  While Appellee appears to contend that a UDJA is the only vehicle under which SORM can obtain relief, she never explains what justiciable controversy or legal misinterpretation exists and how the Court's ruling between DWC and SORM in this case would resolve such controversy.

Appellee does not explain how DWC is an indispensable party to this litigation. There is no statutory requirement that DWC be made a party under Tex. Labor Code §401.255 or §401.301. A copy of plaintiff's original petition was filed with DWC simultaneously with the filing of the petition with the court, pursuant to Tex. Labor Code §410.253 and in compliance with Tex. Gov't Code §2001.175. The statute provides that "The division *may* intervene in a [judicial review proceeding] not later than the 30th day after the date of receipt of the proposed judgment or settlement." Tex. Labor Code §410.258(b) (emphasis added). DWC was also sent a copy of the Final Judgment. On August 13, 2013, SORM mailed DWC its proposed judgment by certified mail, return receipt requested. The DWC admits in its Petition in Intervention that it received the proposed order on August 14, 2013, and admits that it did not makes its request to intervene until more than 30 days had passed.[6] Though DWC did not timely intervene in this lawsuit and thus was not a party to the lawsuit, it has now filed an *amicus* brief to this Court.

Appellee's contention that, should this Court remand this case back to DWC for proper application of the law, it would somehow "allow DWC to continuously misapply and misinterpret the law without being held

---

[6] Texas Department of Insurance-Division of Workers' Compensation's Petition in Intervention, Page 2, Section III.

accountable…" is without merit, or explanation, and it is precisely the consequence sought to be avoided in this matter. Appellee does not indicate what relief would be achieved by Appellant under a declaratory judgment action that would not be accomplished by a remand to DWC for rehearing and a correction of the due process violation.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant timely requested substantial evidence review, properly in Travis County and wherefore Appellant has shown that its due process rights to a fair hearing were violated, Appellant requests that this court grant its request to reverse the administrative order finding that the Claimant sustained a compensable injury in the form of hypersensitivity pneumonitis on June 17, 2008; and that she had disability resulting from the compensable injury sustained on June 17, 2008, from August 22, 2008, through May 12, 2009; specifically and only for the purpose of remanding the case to the Texas Department of Insurance, Division of Workers' Compensation, for a proper application of the burden of proof and evidence as permitted under Tex. Gov't Code §2001.174(2).

11

Respectfully submitted,

//s// J. Red Tripp
J. Red Tripp
State Bar No. 00790257
Associate General Counsel
State Office of Risk Management
P.O. Box 13777
Austin, Texas 78711-3777
(512) 936-1516
(512) 370-9189 fax
Red.Tripp@sorm.state.tx.us
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Reply Brief was served on Appellee via electronic service pursuant to the TRAP on the 8th day of January, 2015.

Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena
1701 Director's Blvd., Suite 110
Austin, Texas 78744
(512) 327-6884 office
(512) 694-8843 cell
(512) 327-8354 fax
brad.mcclellan@yahoo.com

//s// J. Red Tripp
J. Red Tripp

**CERTIFICATE OF COMPLIANCE**

I hereby certify that per TRAP 9.4(i)(3) the Appellant's Reply Brief contains 2,051 words pursuant to the word count on the computer program used to prepare the document.

<u>//s//  J. Red Tripp</u>
J. Red Tripp