## JOHN H. ILLIES v. JOHN C. DIERCKS.

Where the verdict was for twenty-five dollars more than the evidence of the plaintiff warranted, the Court said that they would have permitted the plaintiff to have filed a remittitur, if it were not that from all the evidence in the case, there was some cause to infer culpable inattention or indifference on the part of the jury, as to the accuracy of their verdict.

Appeal from Galveston. Tried before the Hon. Nelson H. Munger.

In the view of the case, taken by the Court, a statement of the pleadings and evidence is not deemed necessary to this report.

*Sherwood & Goddard*, for appellant.

*J. B. & G. A. Jones*, for appellee.

WHEELER, J. The only evidence in support of the plaintiff's demand, was the fact, proved by the witness, Parsons, that the defendant offered to give, in payment of it, stock of the German Emigration Company, amounting to one thousand dollars. This was evidence from which the jury were authorized to infer, that there was an admitted balance due the plaintiff, equal to the value of the stock : and as the defendant professed his belief that it was, or would be of par value, in the absence of anything appearing to the contrary, the jury might have inferred an admission of indebtedness in that sum ; that is, in the sum of one thousand dollars. But there was not any evidence of indebtedness beyond that sum. There was no evidence that the account exhibited upon the trial, was the same,

showing the same balance, as that exhibited to the witness; or that there was then claimed to be due upon it exceeding a thousand dollars. There was no fact or circumstance, from which an inference could be drawn, of any indebtedness, or admission of indebtedness on the part of the defendant, exceeding a thousand dollars. Of that sum, the defendant afterwards paid to the plaintiff's order five hundred and twenty-five dollars: leaving a balance remaining due of four hundred and seventy-five dollars. This was the utmost sum, which could be claimed to be due, in the most favorable view of the evidence for the plaintiff. Yet the jury returned a verdict for the plaintiff for five hundred dollars. The verdict, therefore, was manifestly excessive, in the most favorable view of the case for the plaintiff; that view, which gives the greatest effect to the plaintiff's evidence, which can be claimed for it, and none, whatever, to the evidence of the defendant.— If the plaintiff's evidence stood alone, without anything to countervail its effect, we might be warranted in allowing a remittitur, if the plaintiff saw proper, for the excess, and giving judgment for the residue of the verdict; upon the principle, that it is the province of the jury to weigh the evidence; and their verdict will not be disturbed, when it can be supported in any view, which they may have been warranted in taking, of the evidence. But when it is considered, that there was evidence tending to the conclusion, that the plaintiff's account was for too much; and that in truth, the defendant was not justly indebted to him in the amount claimed; and that, notwithstanding, the jury returned a verdict in his favor for a greater sum than his own evidence showed to be due, their verdict ought, we think, to have been set aside, and a new trial awarded. Such a finding, upon such evidence, naturally excites the apprehension, that there was culpable inattention, or indifference on the part of the jury, as to the accuracy and justice of their verdict; and wherever that is manifest, Courts do not hesitate to set aside the verdict. They will not invade the

province of the jury, in deciding upon questions of fact ; and where they have exercised their province with due circumspection, in weighing evidence and deciding, in a conflict of testimony, upon contested questions of fact, the Court will not interpose, though the verdict be contrary to the weight of evidence. But where there is manifested a want of due attention, in considering the evidence, the verdict cannot claim the respect to which it would otherwise be entitled. While, on the one hand, Courts manifest the utmost caution, not to invade the rightful province of the jury ; on the other, they are ever vigilant and watchful to keep their action rightful within their province ; and to guard against founding their solemn judgments—which are to settle, irreversibly, rights of property and person—upon verdicts, which may have been occasioned, or influenced by partiality, prejudice, or passion ; or be the result of culpable inattention or indifference to the evidence and right of the case.

It required but little attention to the evidence in this case, to have enabled the jury to perceive, that the plaintiff was not entitled, in any view of it, to recover the sum which they awarded him by their verdict : and as it manifestly appears, that the evidence was not duly and attentively considered, and its true result, in any view of it, ascertained, a new trial ought to have been granted. The excess of the verdict is sufficient to authorize a reversal of the judgment ; and, upon a view of the whole case, we are of opinion that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.