COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ROBERT CROYSDILL, | § | No. 08-15-00179-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 34th District Court |
| | § | |
| OLD REPUBLIC INSURANCE | | of El Paso County, Texas |
| COMPANY, | § | |
| | | (TC# 2013-DCV1136) |
| Appellee. | § | |

## O P I N I O N

This is a workers' compensation case. The injured worker, Robert Croysdill, is appealing a summary judgment granted in favor of the carrier, Old Republic Insurance Company. We affirm in part and reverse in part.

## BACKGROUND

Robert Croysdill suffered an on-the-job back injury on October 14, 1997, while unloading a water heater from a trailer. Croysdill challenged the impairment rating in a lawsuit filed in the 34th District Court of El Paso County, Texas.[1] In 2003, the parties settled that dispute and entered into a "Release of All Claims and Indemnity Agreement." The parties agreed that "the 21% impairment rating as diagnosed by Dr. William Leff as resulting from the injury of October 14, 1997 is the impairment rating attributable to the work-related injury of

---

[1] *Robert Croysdill v. Old Republic Insurance Company*, Cause No. 2000-3708 (34th District Court of El Paso County, Texas).

October 14, 1997 and that such impairment rating was made after Robert Croysdill reached maximum medical improvement." Under the terms of the Release, Croysdill received a lump sum payment of $18,877.98 in compensation benefits, but the parties agreed that the Release did not limit or terminate Croysdill's right to medical benefits under Section 408.021 of the Texas Labor Code.[2]

In September 2011, Old Republic notified Croysdill that it was disputing whether his ongoing medical treatment and medication was reasonable, necessary, and related to the compensable injury. The Division of Workers' Compensation (DWC) conducted a contested case hearing on November 5, 2012 to resolve the following question:

> Does the compensable injury sustained on October 14, 1997 extend to and include lumbar disc displacement, chronic lumbar radiculitis, chronic sciatica, Grade I spondylolisthesis at L5, bilateral S1 nerve root irritation, anterior disc herniation at L5-S1, a small broad based disc bulge in combination with facet arthropathy contributing to moderate bilateral neural foraminal stenosis at L5-S1, disc desiccation with loss of disc height present at L4-5, a 2mm anterolisthesis of L4 with respect to L5 in combination with sclerotic changes to the pars interarticularis bilaterally, facet arthropathy in combination with a broad based disc bulge contributing to moderate to severe bilateral neural foraminal stenosis at L4-5?

William Leff, D.C., testified by telephone that he had last treated Croysdill in 2003 and had diagnosed Croysdill with lumbar disc syndrome, lumbar radiculitis, chronic sciatica, and grade 1 spondylolisthesis. Dr. Leff expressed his opinion that Croysdill had suffered a severe injury to his spine and it was "certainly reasonable [for him] to be seeking care at this time." Dr. Leff did not render an opinion on whether the claimed diagnoses resulted from the compensable injury, but his written SOAP notes were made part of the record and reflected that he had diagnosed Croysdill with lumbar disc syndrome, lumbar radiculitis, chronic sciatica, and grade 1

---

[2] TEX. LAB. CODE ANN. § 408.021(d) (West 2015) ("An insurance carrier's liability for medical benefits may not be limited or terminated by agreement or settlement.").

spondylolisthesis in 1998. Mark Doyne, M.D., an orthopedic surgeon, testified on behalf of Old Republic. In Dr. Doyne's opinion, the compensable injury was not a producing cause of the claimed diagnoses, but they were more likely a result of preexisting degenerative disc disease, and the preexisting conditions were not accelerated, worsened, or enhanced as a result of the compensable injury.

In the written decision issued on November 9, 2012, the hearing officer found that Old Republic had accepted a lumbar sprain/strain as a result of the compensable injury, and Croysdill had failed to show that the compensable injury extended to and included the claimed diagnoses. On February 11, 2013, the DWC Appeals Panel allowed the decision to become final.

Croysdill filed a suit for judicial review of the hearing officer's decision in the 34th District Court. His pleadings also included a common law claim that Old Republic had breached the Release. Old Republic filed a motion for traditional summary judgment alleging that the hearing officer's decision was supported by substantial evidence and that Croysdill did not meet his burden of proof because he failed to offer any expert testimony that the disputed conditions were caused by the compensable injury. Croysdill filed a response to Old Republic's motion and also moved for summary judgment on both his judicial review and common law claims.[3] Old Republic did not move for summary judgment on Croysdill's common law claim, but it argued at the summary judgment hearing that the claim is not viable because the Texas Workers' Compensation Act provides the exclusive remedy. The trial court granted Old Republic's motion for summary judgment, affirmed the decision of the DWC, and denied Croysdill's motion for summary judgment.

## JURISDICTION

---

[3] In his summary judgment motion, Croysdill makes reference to Old Republic's alleged breach of the duty of good faith and fair dealing, but his petition states only a claim for breach of contract.

We must address whether the summary judgment order is final and appealable. It is well settled that appellate courts have jurisdiction only over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2015) (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial on the merits is final for purposes of appeal if either: (1) it actually disposes of all claims and parties then before the court, regardless of its language; or (2) it states with unmistakable clarity that it is a final judgment as to all claims and parties. *Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015); *Lehmann*, 39 S.W.3d at 192-93. An order does not dispose of all claims and all parties merely because the word "final" appears somewhere in the order. *Lehmann*, 39 S.W.3d at 193.

The trial court's judgment plainly disposed of the judicial review claim. The only question is whether it also disposed of Croysdill's common law breach of contract claim. Old Republic did not move for summary judgment with respect to this claim, but it argued at the hearing that the claim should be dismissed because the Workers' Compensation Act provides the exclusive remedy. Given that the order recites that it "disposes of all issues and is final," we conclude that under these facts, the trial court intended to dispose of the breach of contract claim as well. Accordingly, we have jurisdiction of the appeal and will address the merits of the issues presented.

**EXTENT OF INJURY**

In Issues One and Five, Croysdill challenges the trial court's decision granting Old Republic's motion for summary judgment.[4] In this regard, Old Republic contends that this case

---

[4] Croysdill raises six issues on appeal, but some of the issues overlap. We have grouped the issues where necessary and will address some of them out of order.

falls under the substantial evidence rule because it involves a collateral issue.

*Substantial Evidence or Modified De Novo Review*

A party who has exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review. TEX. LAB. CODE ANN. § 410.251 (West 2015); *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000). The Texas Workers' Compensation Act provides two different standards for judicial review: a modified de novo standard[5] and the substantial evidence rule.[6] Which of these two standards applies depends upon the nature of the issues involved in the case. *See Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 517 (Tex. 2007); *Texas Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.*, 208 S.W.3d 523, 531 (Tex.App. – Austin 2006, pet. denied).

Section 410.301(a) provides that:

> Judicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter.

TEX. LAB. CODE ANN. § 410.301(a) (West 2015). All other issues are reviewed using the more deferential substantial evidence rule. TEX. LAB. CODE ANN. § 410.255(b); *see Texas Prop. & Cas. Guar. Ass'n*, 208 S.W.3d at 530-31.

The issue before us is whether an extent of injury dispute is one regarding compensability

---

[5] *See* TEX. LAB. CODE ANN. § 410.301 (West 2015). If a party seeks review of a final appeals panel decision "regarding compensability or eligibility for or amount of income or death benefits," the modified de novo procedures apply. *Texas Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co*., 208 S.W.3d 523, 531 (Tex.App. – Austin 2006, pet. denied). Under modified de novo review, all issues regarding compensability of the injury may be tried by the jury. *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 528 (Tex. 1995). And, the trier-of-fact must consider the hearing officer's decision. *See* TEX. LAB. CODE ANN. § 410.304 (West 2015). The party appealing the DWC's ruling bears the burden of proof by a preponderance of the evidence. *Id.* at § 410.303 (West 2015).

[6] *See* TEX. LAB. CODE ANN. § 410.255 (West 2015). Section 410.255 provides that judicial review is governed by the substantial evidence rule and in the manner provided for a contested case under Subchapter G, Chapter 2001, of the Government Code. Under Subchapter G, the trial court sits without a jury and its review is generally confined to the agency record under a substantial-evidence standard. TEX. GOV'T CODE ANN. § 2001.175(e) (West 2016).

or eligibility for benefits which is reviewed under the modified de novo standard or whether it is a collateral issue subject to review under the substantial evidence rule. The Act does not define "compensability," but it defines "compensable injury" as "an injury that arises out of and in the course and scope of employment for which compensation is payable under [the Act]." TEX. LAB. CODE ANN. § 401.011(10) (West 2015); *see Morales*, 241 S.W.3d at 518. "Compensation" means payment of a benefit. TEX. LAB. CODE ANN. § 401.011(11) (West 2015). The Act defines "benefit" as "a medical benefit, an income benefit, a death benefit, or a burial benefit based on a compensable injury." TEX. LAB. CODE ANN. § 401.011(5) (West 2015).

Issues which concern or implicate compensability or eligibility for benefits are reviewed under the modified de novo standard. *See Morales*, 241 S.W.3d at 519; *Texas Prop. & Cas. Guar. Ass'n*, 208 S.W.3d at 538; *Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 201 (Tex.App. – Fort Worth 2002, pet. denied). Collateral issues such as disputes over medical benefits, attorney's fees, and administrative sanctions presumably do not concern compensability and are subject to substantial evidence review under Section 410.255. *See Morales*, 241 S.W.3d at 519; *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 530 n. 27 (Tex. 1995).

Old Republic maintains this case falls under the substantial evidence rule because it involves a collateral issue. We disagree. The dispute is whether the compensable injury suffered by Croysdill in 1997 extends to and includes the claimed diagnoses as set forth in the issue identified by the hearing officer. This dispute implicates both compensability and Croysdill's eligibility for benefits. If the compensable injury extends to one or more of the claimed diagnoses, Croysdill could be entitled to additional workers' compensation benefits. On the other hand, if the claimed diagnoses were more likely a result of preexisting degenerative disc disease, and the preexisting conditions were not accelerated, worsened, or enhanced as a result of

the compensable injury, then Croysdill may not be entitled to additional benefits.

We conclude that the dispute is not a collateral issue, but rather is one regarding compensability and eligibility for benefits, and that the modified de novo review standard applies. *See Farmer*, 89 S.W.3d at 201-02. Accordingly, contrary to Old Republic's contention, Croysdill did not have the burden in the trial court to show that the DWC decision was not supported by substantial evidence. Rather, he had the normal burden of most plaintiffs: to produce more than a scintilla of evidence to support each element of his claims in order to get to the jury.

*Standard of Review*

Old Republic moved for traditional summary judgment under TEX. R. CIV. P. 166a(c). We review all summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n*, 453 S.W.3d 590, 595 (Tex.App. – El Paso 2014, pet. denied). The issue is whether the moving party carried its burden to show that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). In our review, we must consider the evidence presented in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding evidence contrary to the non-movant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Further, we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012).

*Necessity for Expert Testimony*

Old Republic contends that it is entitled to summary judgment because it introduced

expert testimony showing the compensable injury was not a producing cause of the claimed diagnoses, but they were more likely the result of a degenerative disc disease, and Croysdill's expert did not offer any opinion on this issue. As a general rule, expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). An exception to the expert testimony requirement exists where lay testimony establishes a sequence of events that provides a strong, logically traceable connection between the event and the condition. *Id.* at 666.

The DWC was required to determine whether several diagnoses—including lumbar disc displacement, chronic lumbar radiculitis, chronic sciatica, spondylolisthesis, bilateral nerve root irritation, anterior disc herniation, foraminal stenosis, facet arthropathy, and a broad-based disc bulge contributing to moderate to severe bilateral neural foraminal stenosis—were causally related to the October 1997 compensable back injury. There is no lay testimony in the record establishing a strong, logically traceable connection between the original back injury and these conditions. Consequently, we conclude that expert testimony was necessary.

Old Republic's expert witness, Dr. Doyne, testified that the claimed diagnoses were not a producing cause of the compensable injury but were more likely a result of preexisting degenerative disc disease, and the preexisting conditions were not accelerated, worsened, or enhanced as a result of the compensable injury. Based on this evidence, Old Republic carried its initial burden of showing that it is entitled to summary judgment. The only question is whether there is any contrary evidence raising a fact issue.

Croysdill's expert, Dr. Leff, testified that Croysdill had suffered a severe back injury and it was reasonable for him to seek medical treatment for that injury. In his testimony before the hearing officer, Dr. Leff did not address whether the October 1997 compensable injury extended

to the claimed diagnoses, but his written SOAP notes from 1998-2000 were made part of the hearing record, as well as the summary judgment record. In those notes, Dr. Leff specifically stated that the diagnoses of lumbar disc syndrome, lumbar radiculitis, and chronic sciatica complicated by lumbar L-5 spondylolisthesis were "in direct relationship to his injury . . . sustained at work on October 14, 1997." Croysdill's supplemental response to Old Republic's motion for summary judgment also included an affidavit from Dr. Leff dated December 4, 2013, prepared after the contested case hearing. In the affidavit, Dr. Leff averred that he had consistently diagnosed Croysdill since 1998 with lumbar disc syndrome, lumbar radiculitis, chronic sciatica, and lumbar L-5 spondylolisthesis. He did not directly address whether the compensable injury was the producing cause of these conditions, but he averred that his impairment rating of 21% included the disorder "Disc with Radiculitis." The summary judgment evidence includes the Release in which the parties agreed that "the 21% impairment rating as diagnosed by Dr. William Leff as resulting from the injury of October 14, 1997 is the impairment rating attributable to the work-related injury of October 14, 1997[.]"

Dr. Leff's affidavit must be considered in light of the Texas Labor Code's definitions of "impairment" and "impairment rating." Section 401.011(24) defines "impairment rating" as "the percentage of permanent impairment of the whole body *resulting from a compensable injury*." TEX. LAB. CODE ANN. § 401.011(24) (West 2015) (emphasis added). Similarly, "impairment" is defined as "any anatomic or functional abnormality or loss existing after maximum medical improvement *that results from a compensable injury* and is reasonably presumed to be permanent." TEX. LAB. CODE ANN. § 401.011(23) (West 2015) (emphasis added).

When Dr. Leff's affidavit is construed favorably, he effectively testified that the chronic lumbar radiculitis condition resulted from the compensable injury because it formed part of the

impairment rating. This created a fact issue which precludes the granting of summary judgment in part at least as to the condition of "chronic lumbar radiculitis." To that limited extent, Issues One and Five are sustained. Otherwise, they are overruled.

**RES JUDICATA AND COLLATERAL ESTOPPEL**

In Issues Two, Three, and Four, Croysdill challenges the order granting summary judgment in favor of Old Republic and denying his summary judgment motion, on the grounds of res judicata and collateral estoppel. More specifically, he contends that Old Republic's extent of injury dispute is barred by the parties' agreement that the Release did not terminate or limit Croysdill's right to medical benefits as provided by Section 408.021 of the Texas Labor Code.

*Res Judicata*

The party asserting an affirmative defense has the burden of pleading and proving its elements. *See Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). Res judicata, or claim preclusion, bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). For res judicata to apply, the defendant must prove: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on claims that were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The summary judgment evidence does not include any pleadings from the prior impairment-rating lawsuit, or any evidence of a judgment on the merits that would support a claim of res judicata. Rather, Croysdill based his res judicata argument entirely on the Release entered into by the parties in 2003. While the summary judgment evidence shows that the parties entered into the Release which resolved the dispute

over the impairment rating, Croysdill failed to show that the extent of injury dispute at issue in the present case was or could have been resolved in the prior suit. Consequently, the trial court did not err by denying Croysdill's motion for summary judgment on the res judicata ground.

*Collateral Estoppel*

Collateral estoppel, or issue preclusion, prevents relitigation of particular issues already resolved in a prior suit. *Barr*, 837 S.W.2d at 628. The elements of collateral estoppel are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

As was the case with his res judicata argument, Croysdill relies exclusively on the Release to establish the applicability of collateral estoppel. There is no evidence that the facts pertinent to the current extent of injury dispute were fully and fairly litigated in the prior impairment rating lawsuit. Further, we understand Croysdill to argue that, because his impairment rating was determined in the prior lawsuit, Old Republic is precluded from disputing the extent of injury in the present action. Impairment rating and extent of injury are distinct issues, however. *See State Ofc. of Risk Mgmt v. Lawton*, 295 S.W.3d 646, 649 (Tex. 2009). Consequently, settlement of the impairment rating issue does not preclude a carrier from later disputing extent of injury. We overrule Issues Two, Three, and Four.

**BREACH OF THE RELEASE**

In Issue Six, Croysdill argues that the trial court erred in granting summary judgment in favor of Old Republic on his breach of the Release claim. Citing *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001), Old Republic responds that the trial court lacked subject

matter jurisdiction of this claim because Croysdill has not exhausted his administrative remedies. We first note that the Texas Supreme Court has indicated that *Fodge* may not control when the claim is one for breach of a settlement agreement. *See City of Houston v. Rhule*, 417 S.W.3d 440, 443 n.2 (Tex. 2013) (declining to entertain the defendant's argument under *Fodge*, because the old workers' compensation statute applicable to the case required the DWC to first address claims for breach of settlement agreements, but noting "however, that *Fodge* did not address the issue presented in this case, but rather mandated exhaustion of administrative remedies where a claimant sued for delay of *medical* payments despite entitlement only to temporary *income* benefits").

In any event, Old Republic did not move for summary judgment on the ground that the trial court lacked jurisdiction of this claim.[7] It is well-settled that a party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment motion. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983).

We recognize that exhaustion of administrative remedies is an issue of subject-matter jurisdiction and that challenges to subject-matter jurisdiction can be raised for the first time on appeal. *Clint Indep. Sch. Dist. v. Marquez*, __S.W.3d__, 2016 WL 1268000, at *14 (Tex. Apr. 1, 2016); *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 851 (Tex. 2000) ("[B]ecause subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal."). But, the record must affirmatively reflect that Croysdill failed to exhaust his administrative remedies. The record before us does not make this showing. In fact, the record reveals that Croysdill argued vigorously to the DWC hearing officer below that Old Republic was barred by the prior settlement agreement from contesting the extent

---

[7] Old Republic could have also challenged the trial court's jurisdiction by filing a motion to dismiss or plea to the jurisdiction, but it did not do so.

of injury. While the hearing officer did not make specific findings or conclusions on the effect of the settlement agreement, she impliedly rejected Croysdill's claim by ultimately ruling against him. Consequently, we conclude that the trial court erred by granting summary judgment on the breach of the Release claim. Issue Six is sustained.

Having sustained Issues One and Five in part, we reverse the portion of the trial court's order granting summary judgment in favor of Old Republic on the judicial review claim to the extent it grants summary judgment on whether the compensable injury extended to and included chronic lumbar radiculitis. Having sustained Issue Six, we reverse the portion of the trial court's order granting judgment in favor of Old Republic on the breach of the Release claim. Having overruled Issues One and Five in part, and having overruled Issues Two, Three, and Four, we affirm the summary judgment in favor of Old Republic in all other respects. The cause is remanded for further proceedings consistent with the opinion.

                                        STEVEN L. HUGHES, Justice

May 25, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

- 13 -