Opinion issued February 27, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00179-CV

———————————

**LINDA GREEN, Appellant**

**V.**

**ZURICH AMERICAN INSURANCE CO., Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-25688**

---

## MEMORANDUM OPINION

Appellant Linda Green suffered a compensable on-the-job injury covered by workers' compensation insurance in 2005. In 2009, her employer's workers' compensation insurer contended that Green had been noncompliant with treatment and her current medical condition was no longer caused or aggravated by her

compensable injury. After an administrative hearing found in favor of the insurer, Green sought review in the district court. The district court granted summary judgment in favor of the insurer. Green appeals, and we affirm.

**Background**

Green received workers' compensation benefits for an August 2005 workplace injury to her spine and ankle. Several years later, appellee Zurich American Insurance Company ("Zurich"), the workers' compensation insurer, disputed whether Green's ongoing medical treatment was reasonable, necessary, and related to the compensable injury. Zurich contended that Green's noncompliance with treatment broke the causal chain between her workplace injury and her current condition.[1] Zurich asserted that Green's condition after July 29, 2009 was not a result of her workplace injury and sought a ruling that it was no longer required to pay for her care.

The Texas Department of Insurance, Division of Workers' Compensation (the "Division") conducted a contested case hearing to resolve the following question: Does the compensable injury of August 2, 2005 sustained by Green

---

[1] *See* TEX. LAB. CODE § 406.032(1)(B) (stating insurance carrier is not liable for compensation if injury was caused by employee's willful attempt to injure herself or another person).

extend to include the left ankle fracture, compression fracture L1 and T12 conditions on or after July 29, 2009?[2]

Zurich presented evidence from Green's medical records and peer review by physicians, from both an orthopedic and psychiatric standpoint. The evidence reflected that Green received treatment from 45 doctors or facilities following her 2005 injury. All of them dismissed her from treatment due to her behavior or lack of compliance. After a surgery, Green demanded that her cast be removed. A doctor removed it against medical advice after the police were called. Green's surgical wound became infected. Three years later, as part of another procedure, wooden splints were found in the wound site. A reviewing doctor for the carrier opined that he could not rule out that Green insisted on removing her cast early so that she could tamper with her wound site.

Green also did not comply with physical therapy. Several doctors refused to see Green after she verbally berated them or her staff or after she cancelled numerous appointments without notice.

Green testified at the hearing. She disputed Zurich's characterization of her behavior with the various doctors. She admitted that she had called her medical doctor pretending to be Zurich's insurance claim coordinator. Green alleged that a

---

[2] At the hearing, Zurich stated that July 29, 2009 is a date after which it had doctors conduct both an orthopedic and psychiatric peer review of Green's medical records.

3

nurse in a rehabilitation hospital stole her medicine and gave her intravenous water rather than pain medication.

The parties stipulated that Green sustained "a compensable injury on 8/2/05 in the form of a left ankle fracture, compression fracture L1 and T12-L2 conditions." The contested case hearing officer found the following facts:

> . . . .
>
> 3.      The claimant's care practices for her left ankle and compression fracture at L1 and T12-L2 conditions have been injurious to her health and retarded her recovery.
>
> 4.      The claimant's left ankle fracture, compression fracture L1 and T12-L2 conditions after 7/29/09 are not a result of and were not aggravated by the compensable injury of 8/2/05.

The contested case hearing officer made the following conclusions of law:

> The compensable injury of 8/2/05 sustained by the claimant does not extend to include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after 7/29/09.

The Division issued a decision and order concluding that Green's compensable injury from August 2005 does not extend to include her condition after July 2009. Green appealed to the Division's appeals panel. The panel adopted and affirmed the contested case hearing officer's decision.

Green sued Zurich in district court seeking judicial review of the Division's administrative decision and a declaratory judgment that the "'injurious practices'

4

[defense] is not a proper defense."[3] Zurich moved for no-evidence summary judgment arguing that Green did not meet her burden to establish that her current condition was compensable. Zurich moved for traditional summary judgment contending that Green's claims were barred by the statute of limitations because she had not specifically pleaded for review of the appeals panel's decision within the limitations' period. Both Green and Zurich moved for traditional summary judgment on her declaratory judgment action. The trial court granted summary judgment in favor of Zurich and against Green.

Green appeals. On appeal, Green argues that the trial court erroneously granted summary judgment in favor of Zurich. She contends that the trial court should not have granted Zurich's no-evidence summary-judgment motion, which alleged that she did not produce any evidence that her medical condition in 2009 was caused by her compensable injury in 2005. She also argues that the trial court erred in granting Zurich's traditional summary-judgment motion, which asserted that Green's suit for judicial review was barred by the statute of limitations and

---

[3]     In 2012, after the Division intervened for the purpose of objecting to Green's declaratory judgment claim against Zurich, Green amended her petition to seek declaratory relief and attorney's fees against the Division. This Court dismissed Green's claims against the Division for lack of jurisdiction. *See Tex. Dep't of Ins. v. Green*, No. 01-15-00321-CV, 2016 WL 2745063 (Tex. App.—Houston [1st Dist.] May 10, 2016, pet. denied.) (mem. op.). This opinion addresses Green's remaining claims against Zurich.

that the court did not have subject-matter jurisdiction to decide Green's declaratory judgment action.

## Summary Judgment in Favor of Zurich

We first address Green's claims related to her suit for judicial review of the Division's decision that her 2005 injury does not extend to her condition as of July 2009. On appeal, she argues that the trial court erroneously granted summary judgment for Zurich. When a party moves for summary judgment on both traditional and no-evidence grounds, as Zurich did here, we first address the no-evidence grounds. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). This is because if the nonmovant fails to produce legally sufficient evidence to meet her burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its burden under the traditional motion. *Id.*

### A. Standard of Review

We review a trial court's summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). In doing so, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). If the trial court does not state the grounds upon which it grants summary judgment, an appellate court will affirm the

6

judgment if any of the grounds set forth by the movant is meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a pretrial motion for directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus.*, 286 S.W.3d at 310. The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

We review no-evidence summary judgments under the same legal sufficiency standard as directed verdicts. *Merriman*, 407 S.W.3d at 248; *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). Under that standard, evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). A no-evidence challenge will be sustained when

7

(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*King Ranch*, 118 S.W.3d at 751 (quoting *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

To defeat summary judgment, the nonmovant is required to produce more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). That burden is not met when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the nonmovant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the nonmovant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 822, 827.

## B.  Zurich's No-Evidence Summary Judgment

On appeal, Green contends that the trial court erred in granting Zurich's no-evidence summary judgment motion. The motion alleged that Green failed to present any evidence that her current condition was caused or aggravated by her

August 2005 compensable injury. Green argues that the trial court improperly granted summary judgment for Zurich because the parties stipulated that she was injured in August 2005.

### 1. Applicable Law

The Texas Workers' Compensation Act ("TWCA") establishes a comprehensive system for resolving workers' compensation claims and provides the exclusive procedures and remedies for disputed issues arising from a worker's claim for benefits. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 438 (Tex. 2012). There are four potential stages to the determination and review of disputed issues in a workers' compensation claim. *Harris Cnty. v. Dogan*, No. 01-22-00079-CV, 2023 WL 3311167, at *6 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op.); *see generally* TEX. LAB. CODE § 410.002–410.308. The first three are within the Division, and the fourth involves judicial review in district court. *Dogan*, 2023 WL 3311167, at *6. The three-stage hearing process before the Division consists of: (1) the benefit review conference; (2) the contested case hearing; and (3) the administrative appeal. *Id.* The contested case hearing officer's decision is final in the absence of an appeal. *Id.* (citing TEX. LAB. CODE § 410.169). A party may appeal the contested case hearing officer's decision to an administrative appeals panel. *See* TEX. LAB. CODE § 410.202. In the fourth stage of review, a party aggrieved by a final decision of the administrative appeals panel

9

may seek judicial review of the panel's decision in district court. *Dogan*, 2023 WL 3311167, at \*6; *see generally* TEX. LAB. CODE §§ 410.251–.308.

An appeal to the district court from "a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits," TEX. LAB. CODE § 401.301(a), is subject to a "modified de novo review." *Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 (Tex. 2007). In a modified de novo review, the issues are "tried to the court or a jury, and the appealing party bears the burden of proof by a preponderance of the evidence." *Morales*, 241 S.W.3d at 516 (citing TEX. LAB. CODE § 410.304). For purposes of this type of judicial review, "issues" refer to the "'disputed issues' that the review officer identifies at the benefit review conference" that are then considered by the contested hearing officer. *State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 271 (Tex. 2017). "The factfinder may consider, but is not bound by, the appeals panel's decision." *Morales*, 241 S.W.3d at 516.

### 2. Green's Appeal

Green sought judicial review of the Division's appeals panel's decision. The panel decided the issue that was presented to the contested hearing officer: Does the compensable injury of August 2, 2005 extend to and include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after July 29, 2009?

When seeking judicial review, Green had the burden to prove by a preponderance of the evidence that her current conditions were caused or aggravated by her 2005 compensable injury. *Morales*, 241 S.W.3d at 516. On appeal, Green argues that she met this burden because the parties stipulated that she suffered an ankle and back injury on August 2, 2005. Zurich agrees that the parties stipulated that Green originally incurred a compensable injury in 2005, but Zurich argues that a stipulation that Green was originally injured and entitled to workers' compensation is not evidence that her condition in 2009 was caused or aggravated by that 2005 injury. Zurich also argues that her 2005 injury is no evidence of whether Green's condition in 2009 was caused by her willful actions. We agree with Zurich. The stipulation did not prove or create a fact issue on whether Green's conditions in 2009 were caused or aggravated by her 2005 compensable injury.

In addition to the opinion adopted by the appeals panel, Green presented some documentation of her treatment between 2005 and 2007. Green did not offer any evidence regarding her current medical condition and how it purportedly was aggravated or caused by the 2005 fall.

Moreover, as a rule, expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of laymen. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *Croysdill v. Old Republic*

*Ins. Co.*, 490 S.W.3d 287, 294 (Tex. App.—El Paso 2016, no pet.). An exception to the expert testimony requirement exists where lay testimony establishes a sequence of events that provides a strong, logically traceable connection between the event and the condition. *Guevara*, 247 S.W.3d at 666.

While Green testified at the contested case hearing, there is no lay testimony in the record establishing a strong, logically traceable connection between the original injuries and Green's current conditions. The causal relationship between Green's original injury and the evolution of the condition over the four years are outside the common knowledge of a lay person. Expert testimony was required to establish the link between her current condition and previous injury. *Id.* at 666–67. The record does not include expert testimony propounded by Green regarding her current condition and how the injuries she suffered in 2005 caused or aggravated her symptoms in 2009.

Green failed to meet her burden in the district court, and the court did not err in granting no-evidence summary judgment for Zurich.

## C. Zurich's Traditional Motion for Summary Judgment

Green also argues that the trial court erroneously granted Zurich's traditional motion for summary judgment. In that motion, Zurich argued that Green's claims were barred by the statute of limitations because she did not specifically plead that she was appealing from an issue decided by the Division's appeals panel within the

limitations' period. *See Martinez*, 539 S.W.3d at 271 (defining "issue" in this context as "disputed issue" that review officer identifies at benefit review conference that is then considered by contested case hearing officer). When a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 227 (Tex. 2022). Because we have affirmed the trial court's grant of summary judgment on no-evidence grounds, we need not consider the traditional summary-judgment ground raised by Green. *See Merriman*, 407 S.W.3d at 248 (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

We overrule Green's first issue.

## Declaratory Judgment

Green also appeals the district court's ruling on her declaratory judgment action. Green sought a declaratory judgment that the Division could not assert an injurious practices defense against private employees and that the Division was required to pay her claim. Both parties moved for summary judgment on the declaratory judgment claim. The trial court granted Zurich's motion and denied Green's motion.

13

**A. Standard of Review**

We review a trial court's ruling on a motion for summary judgment de novo. *Castillo Info. Tech. Servs, LLC v. Dyonyx, L.P.*, 554 S.W.3d 41, 45 (Tex. App.— Houston [1st Dist.] 2017, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence submitted by both parties and determine all questions presented. *Id.* We then render the judgment the trial court should have rendered. *Id.*

A party moving for traditional summary judgment bears the burden of demonstrating that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). *Lujan*, 555 S.W.3d at 84. "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material act precluding summary judgment." *Lujan*, 555 S.W.3d at 84. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co.*, 135 S.W.3d at 600.

**B. Analysis**

The Division issued a decision and order finding that Green's injury would no longer be compensable, based at least partially on the injurious practices

14

defense.[4] Green sued Zurich in district court seeking judicial review of the Division's administrative decision and separately seeking declarations regarding Zurich's ability to assert an injurious practices defense, ending its payment for her compensable injury. She argues that the declaratory judgment action should be allowed to proceed. Zurich asserts that the court properly granted its motion for summary judgment because the court lacks subject matter jurisdiction over this claim. Zurich argues that Green's declaratory judgment claim asks for redundant relief, and where a declaratory judgment attacks an administrative order for which there is already a statutory avenue for relief, the declaratory judgment action must be dismissed.

Subject matter jurisdiction is essential to the court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). It is never presumed to exist. *Id.* The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's subject matter jurisdiction. *Id.* at 446. We review the determination of subject matter jurisdiction de novo. *Zurich Amer. Ins. Co. v. Diaz*, 566 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.]

---

[4]   *See Green*, 2016 WL 2745063 at *1 (explaining the injurious practice defense "allowed the Division, at Zurich's request, to order the reduction or suspension of benefits [] to an employee if the injured worker persist[s] in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment, chiropractor service or other remedial treatment recognized by the States, as is reasonably essential to promote [her] recovery.") (internal quotation removed).

15

2018, pet. denied) (citing *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002)).

The Texas Workers' Compensation Act ("TWCA") provides statutory means for appealing from the Division's orders. *See* TEX. LAB. CODE §§ 410.251–.308 (providing for judicial review). In workers' compensation cases, judicial review is limited to the issues decided by the Division's appeals panel, and a party may not seek review on issues the party did not present to the appeals panel. *Id.* § 410.302.

Green's suit in the district court concerns the question the Division adjudicated: whether Green's compensable injury from August 2005 extended to include her current condition on or after July 29, 2009. She challenges the agency's findings that her condition after July 2009 was not the result of or aggravated by her August 2005 injury. Her pleadings also seek declaratory relief related to Zurich's right to assert an injurious practices defense against private employees. In both instances she argues that Zurich must continue to pay for her condition. "When a claimant has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction over an additional purported claim under the [Uniform Declaratory Judgments Act] that would merely determine the same issues and provide substantially the same relief as the available statutory remedies invoked." *Diaz*, 566 S.W.3d at 305 (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of*

*Tex.*, 253 S.W.3d 184, 199–200 (Tex. 2007)); *see Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746–47 (Tex. App.—Austin 2014, pet. dism'd)). Green's complaints and requested relief under the UDJA mirror the issues that are the subject of her suit for judicial review. "[R]edundant relief is unavailable under the UDJA." *Diaz*, 566 S.W.3d at 305 (holding no subject matter jurisdiction when claims challenging timeliness of death benefits claim and Division's finding relieving insurer from liability are redundant); *see Balquinta*, 429 S.W.3d at 747 (explaining that trial court lacks jurisdiction over claim under UDJA that determines same issues and provides same relief afforded under statutory remedies); *accord Ben Robinson Co. v. Tex. Workers' Comp. Comm'n*, 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied) ("When a statute provides a method for attacking an agency order, a declaratory judgment action directed at that order will not lie.").

Both Green's underlying suit and the declaratory judgment action attack the validity of the Division's order holding that Green's condition in 2009 is not compensable due in part to her own actions after her 2005 injury, and the trial court lacked subject matter jurisdiction over the declaratory judgment action. The trial court did not err in granting Zurich's motion for summary judgment and dismissing Green's claim for declaratory relief.

We overrule Green's second issue.

## Conclusion

We affirm the judgment of the trial court.

Susanna Dokupil
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.