**Affirmed and Memorandum Opinion filed May 28, 2026**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-25-00159-CV

---

### STEPHANIE LOVINGS, Appellant

### V.

### AMERICAN ZURICH INSURANCE COMPANY/TEXAS DEPARTMENT OF INSURANCE DIVISION OF WORKERS' COMPENSATION, Appellees[1]

---

**On Appeal from the 126th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-009872**

---

### MEMORANDUM OPINION

Stephanie Lovings appeals from a judgment in favor of her workers' compensation carrier, American Zurich Insurance Company (Zurich), regarding the scope of her work-related injury. Lovings argues that the trial court erred by granting Zurich's no-evidence motion for summary judgment on her claim that her injury

---

[1] Lovings asserted no claims against the Division of Workers' Compensation, and it never participated in this case.

includes three additional medical conditions. We affirm.

## BACKGROUND

On April 17, 2023, Lovings suffered a shoulder injury at work while moving pallets of car batteries onto a conveyor belt. Zurich agreed that Lovings sustained a compensable injury and that the injury included at least a left shoulder sprain and a left shoulder strain. But Lovings asserted that the injury also included eight other medical conditions.[2] A doctor appointed by the Division of Workers' Compensation (Division) determined that her injury included five of those eight conditions. Lovings also disagreed with Zurich about whether she had reached maximum medical improvement,[3] about the correct impairment rating,[4] and about whether the injury had disabled her.

The parties submitted those questions to an administrative law judge (ALJ) appointed by the Division. The ALJ found that Lovings' injury included the five conditions accepted by the doctor[5], that no impairment rating could be assigned because Lovings had not reached maximum medical improvement, and she was disabled from the date of the injury to the date of the hearing. Lovings appealed the ALJ's rejection of the other three medical conditions—left shoulder full thickness

---

[2]      Lovings argued that her injuries included: left shoulder partial thickness rotator cuff tear, right shoulder strain of rotator cuff, cervicalgia, thoracic sprain, lumbar sprain, left shoulder full thickness rotator cuff tear, annular bulge with posterior central herniation at C3-C4, and femoral acetabular impingement of right hip joint.

[3]      "Maximum medical improvement" means the earlier of "the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated" or "the expiration of 104 weeks from the date on which income benefits begin to accrue." TEX. LABOR CODE § 401.011(30)(a)–(b).

[4]      *See id.* § 408.123 (physician must certify maximum medical improvement and assign impairment rating).

[5]      A left shoulder partial thickness rotator cuff tear, right shoulder strain of rotator cuff, cervicalgia, thoracic sprain, and lumbar sprain.

rotator cuff tear, annular bulge with posterior central herniation at C3-C4, and femoral acetabular impingement of the right hip joint—to the Division's Appeals Panel. The Appeals Panel chose not to disturb the ALJ's decision, thereby making it final.[6]

Lovings filed a pro se lawsuit in Travis County district court to overturn the decision. On May 1, 2025, Lovings filed a document entitled "Certificate of Filing Written Discovery" stating that the evidence "planned to be presented" to the court included "Medical records" and "Photos." But no records or photos were attached to that document.

Zurich filed a no-evidence motion for summary judgment. The motion was set for an in-person hearing at 9:00 AM on July 28, 2025. There is no reporter's record of the hearing. The trial court granted Zurich's motion the same day in an order file-stamped 4:37 PM. Several hours later, Lovings filed a motion for continuance, arguing that she mistakenly believed she had already filed evidence with the "Certificate of Filing Written Discovery" and requesting additional time to provide it. The motion was denied.

On August 5, 2025, Lovings filed a motion for new trial repeating her request for more time to file evidence and adding that she intended to subpoena an expert witness. Seven days later, she filed another document—also entitled Certificate of Filing Written Discovery—to which she attached medical records, status reports, and her petition. The trial court rendered judgment for Zurich and denied Lovings' motion for new trial by separate orders.

Lovings appealed to the Third Court of Appeals. The Supreme Court of Texas subsequently ordered the Third Court to transfer this Case to our Court for docket

---

[6]     See TEX. LABOR CODE §§ 410.204(c) (providing that if the Appeals Panel does not issue a decision, it thereby adopts the ALJ's decision); .205(a) ("A decision of the appeals panel regarding benefits is final in the absence of a timely appeal for judicial review.").

equalization.[7]

# DISCUSSION

After "adequate time for discovery," a party may move for summary judgment on the ground that "no evidence exists of an essential element of a claim on which the adverse party has the burden of proof at trial."[8] A properly filed no-evidence motion "shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion."[9] A no-evidence motion "will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact."[10]

Lovings argues in four issues that the trial court erred by: (1) not considering her evidence, (2) not construing the evidence in her favor, and (3–4) upholding the DWC's findings on the extent of her injury and maximum medical improvement despite the evidence. Zurich responds that she did not timely file a response and that, alternatively, the evidence fails to raise a fact issue.

Under the version of Rule 166a applicable to this case,[11] the movant's

---

[7]     *See* TEX. GOV'T CODE § 73.001(a). We are unaware of any conflict between the Third Court's precedent and our own. *See* TEX. R. APP. P. 41.3 ("[T]he court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court.").

[8]     *H-E-B, LP v. Peterson*, No. 24-0310, 2026 WL 969265, at *2 (Tex. Apr. 10, 2026).

[9]     *State v. Three Thousand, Seven Hundred Seventy-Four Dollars & Twenty-Eight Cents U.S. Currency*, 713 S.W.3d 381, 388 (Tex. 2025).

[10]     *Lozada v. Posada*, 718 S.W.3d 262, 266 (Tex. 2025) (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

[11]     The Supreme Court recently amended Rule 166a, but the amendments do not apply to motions, like Zurich's, filed before March 1, 2026. *Peterson*, 2026 WL 969265, at *2 n.8.

response is due no later than seven days prior to the hearing, except on leave of court.[12] Lovings filed her second certificate of filing written discovery fifteen days after the trial court granted Zurich's no-evidence motion for summary judgment. The trial court did not grant leave to file and there is no affirmative indication that it permitted the filing prior to signing the final judgment.[13] However, the trial court *did* state in the order denying Lovings' motion for new trial that it considered "the documents in the case file." In the interest of justice, we assume that notation means the trial court considered the materials Lovings filed with the second certificate and turn to whether those materials raise a fact issue.[14]

Lovings had the burden to raise a fact issue on whether her workplace injury was the producing cause of the three disputed conditions.[15] As a general rule, "expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors."[16] There is a limited exception for those cases "in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition."[17] The types of conditions that Lovings sought to include in the

---

[12]   TEX. R. CIV. P. 166a(i), 60 Tex. B.J. 872 (1997, amended 2026).

[13]   *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (when the record does not show the trial court granted leave, reviewing courts "examine the record for an affirmative indication that the trial court permitted the late filing" (internal quotation marks omitted)).

[14]   *See Bertucci v. Watkins*, 709 S.W.3d 534, 542 n.8 (Tex. 2025) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

[15]   *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 221–22 (Tex. 2010) (describing producing-cause standard); *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 171 (Tex. App.— Houston [1st Dist.] 2012, pet. denied) ("To be compensable a workplace injury must be a producing cause of impairment, disability, illness, or death, but it need not be the sole or primary cause.").

[16]   *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) (quoting *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007)).

[17]   *Guevara*, 247 S.W.3d at 666.

scope of her injury—left shoulder full thickness rotator cuff tear, annular bulge with posterior central herniation at C3-C4, and femoral acetabular impingement of the right hip joint—are not within the common knowledge and experience of a layperson.[18] The only expert opinion in the record is a report from a doctor designated by the DWC to evaluate Lovings, who expressly concluded that her compensable injury does not extend to those conditions. Accordingly, Lovings' evidence does not raise a fact issue.

The trial court did not err by granting summary judgment to Zurich.

## CONCLUSION

We affirm the trial court's judgment.


/s/  Scott. A. Brister
Scott A. Brister
Chief Justice


Before Chief Justice Brister and Justices Field and Farris.

---

[18] *See, e.g., Menchaca v. Ins. Co. of the State of Pennsylvania*, 2020 WL 6435775, at *8 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, pet. denied) (concluding expert testimony required to prove causation of "C6-C7 foraminal encroachment, cervical radiculopathy, spondylolisthesis and atrophy"); *Kelley v. Aldine Indep. Sch. Dist.*, 2017 WL 421980, at *3 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (holding that claimant needed expert testimony to establish causal connection between work-related fall and additional claimed injuries of "multiple disc herniations, cervical radiculitis, and lumbar radiculopathy"); *Croysdill v. Old Republic Ins. Co.*, 490 S.W.3d 287, 294 (Tex. App.—El Paso 2016, no pet.) (concluding that expert testimony was necessary to determine causal relationship between work-related back injury and "lumbar disc displacement, chronic lumbar radiculitis, chronic sciatica, spondylolisthesis, bilateral nerve root irritation, anterior disc herniation, foraminal stenosis, facet arthropathy, and broad-based disc bulge").